Shellenbarger v. Biser.

DE WITT C. SHELLENBARGER, EXECUTOR, ETC., APPELLEE, v. FOREST K. BISER, APPELLANT.

1. **Foreclosure of Mortgage**: PARTIES. All persons materially interested in the mortgaged premises should be made parties to a suit to foreclose a mortgage, in order that a perfect title may pass by a sale under the decree, as a purchaser takes only the title of the parties to the suit; but a person claiming adversely to the title of the mortgagor and prior to the execution of the mortgage, cannot properly be made a party for the purpose of trying the validity of such adverse claim of title. But where a defendant answers claiming title to the mortgaged premises, and also that he has a mortgage thereon for a certain sum, and prays that in case the court finds his title invalid that he may have a decree for the amount due on the mortgage, it is the duty of the court to adjudicate upon the validity of such title, and if found invalid, to render a decree on the mortgage for such sum as may be equitably due.

2. ———: ———. Such defenses are inconsistent, and had objection been made at the proper time it would have been the duty of the court to require the defendant to elect on which he would rely.

APPEAL from Nemaha County.

. Plaintiff, as executor of the estate of William D. Shellenbarger, brought the action to foreclose a mortgage made by Julia A. Biser to William D. Shellenbarger, February 21, 1872, on lot one, in block six, in Brown's addition to the city of Brownville, and recorded at four o'clock P. M. of the same day, and made Julia A. Biser, Forest K. Biser, and Cyrus W. Wheeler defendants. Julia A. Biser is served by publication only, and neither made any appearance nor defense in the action, and decree was taken against her by default. Defendant Wheeler answered, setting up a mortgage on same premises made by Julia A. Biser to him February 20, 1872, and recorded same day at eleven o'clock A. M. Defendant, Forest K. Biser, then an infant sixteen years old, by his guardian *ad litem* answered as set forth in the opinion. Z. B. Brockaway was afterwards made a party and the decree below, after dismissing the cause as to Forest K. Biser, finds liens upon the premises in favor of Wheeler, Shellenbarger and Brockaway in the order named. Forest K. Biser appealed.

*J. H. Broady*, for the appellant.

The court below should have determined Forest K. Biser's right to the premises for these reasons :

1. His title is assailed both by plaintiff and Wheeler, who not only bring him into court but challenge his title, and after they bring him into court they join issue with him on the merits as to his title, and go on, on both sides, and take all the proofs on those issues, and really try the cause on the issues they have consented to, and never up

to then objected to, and should not afterwards be heard to object to the issues joined. *Doniphan v. Street*, 17 Iowa, 320.

2. The defendant Wheeler assails appellant's title as voluntary and fraudulent, and asks the relief of a creditor's bill to have appellant's title-deed canceled, which is a purely equitable jurisdiction.

3. Because in the present status of the case, if appellant can sustain his allegations, he can restrain the sale of the premises under the decree herein because it would cast a cloud upon his title. *Johnson v. Hahn*, 4 Neb., 149. *Key City G. L. Co. v. Munsel*, 19 Iowa, 305, and cases there cited. *Pixly v. Huggins*, 15 Cal., 127. *Christie v. Hale*, 46 Ill., 117. *Englund v. Lewis*, 25 Cal., 337.

4. Because the principle on which such injunctions are maintained is to prevent a multiplicity of suits as stated in *Johnson v. Hahn* above cited, which applies with double force here as it would even prevent the very injunction suit, that would prevent in theory other suits.

5. Because if the property is sold under decree in this action it is to the interest of all parties that the whole title be sold and covered by the decree in order to bring a larger price. *K. C. G. L. Co. v. Munsel*, 19 Iowa, 305.

6. Because the authorities that would sustain the action of the court in dismissing as to appellant, if there are any such, furnish a rule without a reason, which is an injury to every party interested in the property.

7. Because the plaintiff nowhere states any defense to appellant's title to the land, except his denial that any deed was executed to appellant. He alleges no fraud as to the deed to appellant, June, 1871, but does say if there was any such deed the purchase was made with Julia A. Biser's money, but does not say that Julia A. Biser was insolvent at the time, or could not pay her debts from her other property; so under his allegations, when the

deed is proved the title is good in appellant. *Creed v. Lancaster Bank*, 1 Ohio State, 1. *Vanzant v. Davies*, 6 Id., 52.

8. Because no matter how stands the legal title, the premises were purchased in June, 1871, with appellant's money, which of itself, without any deed, gave him a resulting trust in the land, all of which was known by the other claimants before the making of their mortgages. They swear Julia A. Biser notified them of that fact, and hence if the property is to be sold in spite of appellant, he must first be paid out of the proceeds the original purchase price of the premises, with interest from the date of the purchase. *Hall v. Young*, 37 N. H., 134.

*E. W. Thomas*, for appellees.

It is not competent in a foreclosure suit, whatever the pleadings may be, to litigate and settle the right of parties who set up titles, which, if valid, are adverse and paramount to the title of mortgagor and mortgagee. *Corning v. Smith*, 6 N. Y., 82. *Board Supervisors v. M. P. R. R.*, 24 Wis., 121. Stor. Eq. Pl., Sec. 230. *Eagle Fire Co. v. Lent*, 6 Paige Ch., 635. *Frost v. Koon*, 30 N. Y., 446. 2 Hillard Mort., 179.

Maxwell, J.

On the trial of the cause in the court below, it having been made to appear that Forest K. Biser, one of the defendants, was but sixteen years of age, the court appointed a guardian *ad litem*, who answered the petition of the plaintiff, denying all the facts therein stated. And, as a further answer, the defendant says: " that, before any of the transactions mentioned in the petition or in the cross petition of the defendant Wheeler, to-wit: about the fall of the year 1871, this defendant bought the property described in the petition of Fanny J.

Ebright, who was at that time the owner thereof; and at that time paid therefor, 'in money belonging to this defendant, the sum of $550.00; and then and there the said Fanny J. Ebright, duly executed and delivered to this defendant a good and sufficient deed of conveyance for said premises, and thereby conveyed said premises to this defendant  *  *  . On or about the twentieth day of February, said deed to this defendant was destroyed; and said Fanny J. Ebright executed to Julia A. Biser a quit-claim deed of said premises, and said Julia A. Biser executed the mortgages, described in the petition, to Wheeler and Shellenbarger. At the same time of the making of said mortgages, the said Julia A. Biser executed and delivered to this defendant, her mortgage deed for said premises, to secure the payment of the sum of $550.00, on the twentieth day of February, 1873, with interest at ten per cent per annum; that Wheeler and Shellenbarger had full notice of the making of said mortgage, at the time it was made; and that it was made to secure the money which was paid for said premises by this defendant; that said mortgage was recorded on the twenty-first day of February, 1873, at four o'clock, P. M., of said day; that no proceedings have been had at law for the recovery of said debt, and no part of the same has been paid. Wherefore defendant prays, that he may be decreed the absolute owner of said lot, free from the incumbrances of the mortgages to Wheeler and Shellenbarger; or, in the event that the court is of opinion that the defendant is not the *owner* of said premises, that it be adjudged, that this defendant have a good and valid lien thereon for the sum of $550.00, with interest, etc." Afterwards this defendant filed a supplemental answer, claiming to be the owner of the premises in question in fee simple. On the hearing of the cause, the court found; " that the defendant, Forest K. Biser, sets up and claims legal title to the premises in controversy by adverse and paramount

title to the title of mortgagor, Julia A. Biser, who exe-cuted the mortgages to plaintiff and defendant Wheeler, and that said Forest K. Biser's title so set up and claimed, cannot be litigated or affected in this action. It is there-fore adjudged and considered, that this cause and action be, and the same is hereby dismissed as to the defendant, Forest K. Biser; and that said Forest K. Biser go hence without day, and recover against the plaintiffs his costs herein taxed at $———."

The general rule in equity is, that all persons materi-ally interested in the mortgaged premises should be made parties to the suit. This includes all incumbrancers (prior and subsequent), existing at the time of filing the petition, in order that a purchaser may take a perfect title by a sale under the decree, as he takes only the title of the parties to the suit; and also to prevent a multi-plicity of suits, and in order that the proceeds of the mortgaged premises may be distributed among the lien-holders according to the priority of liens. Many of the cases hold, that a prior incumbrancer is not a necessary party to the suit, as the purchaser takes the estate sub-ject to the paramount lien; yet he is a proper party in order to obtain an adjudication as to the validity and amount of the lien.

A person claiming adversely to the title of the mort-gagor, and prior to the execution of the mortgage, can-not properly be made a party, for the purpose of trying the validity of such adverse claim of title. But this rule does not exclude one who claims title, and, also, claims to hold a mortgage on the same premises, who sub-mits his claims to the adjudication of the court, and asks, that in case the court finds his title to the premises invalid, that he may have a decree for the amount due on the mortgage. These defenses are inconsistent; and, had a motion been made at the proper time, the defend-ant would have been compelled to elect, on which he

would rely. But the plaintiff joined issue with the defendant, denying the facts stated in his answer; and testimony has been taken, by both plaintiff and defendants, to establish the truth or falsity of the issues thus raised. It is, therefore, the duty of the court to consider all the questions at issue.

The defendant, Forest K. Biser, states in his answer, that he paid $550.00 for the premises in controversy, and received a deed therefor. The testimony shows that $150.00 was all that was paid for the property, of which one hundred was paid in money, and fifty dollars in furniture. There is a conflict of testimony as to whom the first deed to the property was made, Julia A. and Forest K. Biser stating that the original deed from Mrs. Ebright was made and delivered to Forest K. Biser. The testimony of E. E. Ebright, a disinterested witness, who acted as agent in the sale of the property, is, in substance, as follows: That Mr. Biser came to see him about the purchase of the property, and the contract was made with him in the presence of Mrs. Biser, that the deed was to be taken in her name; that a deed was so made for the premises in question, and delivered to Mr. Biser, who thereupon paid him $50.00 in furniture, and soon thereafter $100.00 in money; that he was not sure the deed was acknowledged, but he thought it was, or Mr. Biser would not have made a payment on the property at the time he received it; that sometime afterward, perhaps an hour, or perhaps it might have been a day or two, Mrs. Biser returned with the deed, and requested him to have a deed made to Forest K. Biser, assigning various reasons therefor, one of which was that the purchase money was his. Ebright then destroyed the deed returned by Mrs. Biser, and had a deed made in the name of Forest K. Biser, and delivered the same to Mrs. Biser. That several months thereafter, Mrs. Biser returned this deed to Mr. Ebright, and requested him to

destroy it, and make a new deed for the premises to her, which he did. The mortgages in question were executed after the execution and delivery of the second deed to Mrs. Biser. She denies the testimony of Mr. Ebright as to the execution and delivery of the first deed to her. Mr. Wheeler testified that the improvements made on the premises, after the purchase, would cost about $600.00. Two of the defendants place the value of the added improvements at a little more than $50.00. It is apparent from the testimony of Ebright, that a deed for the premises in controversy was made to Mrs. Biser and delivered to Mr. Biser, her agent, and, so far as we can perceive, was accepted by her.

The fact, that afterward she returned the deed to Ebright, and requested him to make a deed to her son, can make no difference as to the title. Aside from the question of who holds the legal title, it is apparent from the testimony that this property was paid for by Mr. and Mrs. Biser. It is true, that Mrs. Biser and her son testify that such was not the case; but their evidence contains within itself sufficient improbability to cast doubt upon it. The family were evidently in embarrassed circumstances. Mrs. Biser was conducting a furniture store in her own name; and the debts these mortgages were given to secure were debts Shellenbarger and Wheeler had been compelled to pay as sureties on her notes, in the bank at Brownville, for money that had been borrowed to aid her in carrying on business. No pretense is made that the son had paid more than about $200.00 in purchasing and fixing up the premises; yet, a short time thereafter, a mortgage is given to him for the sum of $550.00; this of itself is sufficient to cast suspicion on the entire transaction.

Minors are peculiarly entitled to the favor of a court of equity; and it is the duty of the court to guard their interests with jealous care, and to enforce and secure

their rights. But transactions between parents and their child, by which the child becomes the creditor of the parents, or acquires property from them, while they are unable to pay their just debts, must be carefully scrutinized; and the court should see that the opportunity thus presented is not used as a means by which creditors are defrauded out of their just dues.

The judgment of the district court as to Shellenbarger and Wheeler is affirmed. As there is nothing in the record to show the date of the judgment in favor of Brockaway, the cause is, therefore, remanded to the district court of Nemaha county to find the amount *equitably* due on the mortgage of Forest K. Biser, and whether- said mortgage is prior to the Brockaway judgment, and to render a decree according to the order of priority of those liens.

REMANDED.