THE UNION PACIFIC R. R. CO., v. THE BOARD OF COUNTY COMMISSIONERS OF SAUNDERS COUNTY.

Taxation: EXEMPTION: TIMBER ACT: CONSTITUTIONAL LAW.
The legislative act of Feb. 12, 1869, entitled an "Act to encourage the growth of timber and fruit trees," is repugnant to the constitution of 1875, and is therefore inoperative; and all deductions made under it from the assessments of lands for each acre planted and cultivated with forest and fruit trees, are made without authority of law; they are mere nullities, and must be so treated by the county commissioners in levying the necessary taxes for the current year.

ORIGINAL application for an injunction against the commissioners of Saunders county, who it was alleged would allow, as precinct assessors had done, certain exemptions on account of the cultivation of timber and fruit trees, under act of 1869. General Statutes, 88.

*A. J. Poppleton* and *John M. Thurston*, for plaintiff.

*M. B. Reese*, for defendant.

GANTT, CH. J.

This is an action in equity relating to the revenue of the state. It is complained that under the act of February 12, 1869, the assessors of the county have, for the year 1878, made and allowed "deductions from the legal valuation and assessment of taxable property in said county, in about the sum of one hundred and twenty thousand dollars, for the cultivation of forest and fruit trees, and if the assessment as made by said assessors is permitted to stand, and the said deductions as made by them are to be allowed by the county commissioners of said county, in making up the county assessment and tax list, and in levying and collecting taxes, then there will be about one hundred and twenty thousand dollars' worth of taxable property in said county that will escape taxation, and the balance of the taxable property of the county will have to pay the entire tax levied in said county for state, county, and other purposes," etc., etc. The only question presented for determination is, whether the act referred to, entitled "An act to encourage the growth of timber and fruit trees," is operative under the new constitution.

Section one provides "that there shall be exempt from taxation of the property of each tax payer, who shall, within the state of Nebraska, plant and suitably culti-

vate one or more acres of forest trees for timber, the sum of one hundred dollars annually, for five years, for each acre so planted and cultivated; *provided*, that the trees on said land shall not exceed twelve feet apart, and shall be kept in a healthy and growing condition." The second section in like manner provides for an exemption of fifty dollars annually, for five years, for each acre planted and cultivated with fruit trees. Section one, article IX, of the constitution of 1875 declares that " the legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchises." But section two of the same article provides that "the legislature may provide that the increased value of lands, by reason of live fences, fruit and forest trees grown and cultivated thereon, shall not be taken into account in the assessment thereof," and by act of February 19, 1877 (Laws, 1877, p. 45), the legislature made such provision, in the language employed in the constitution. Now, under the old law, one hundred dollars for each acre of forest trees, and fifty dollars for each acre of fruit trees planted and cultivated, were to be annually deducted for five years; but between these specific deductions for each acre so planted and cultivated with forest and fruit trees, and the increased value of lands by reason of such trees and live fences, the difference may be large in amount. The two provisions are inconsistent with each other, and hence, it seems clear, that under the new constitution, such annual deductions for each acre so planted and cultivated with forest and fruit trees cannot be made. Therefore, the act of February 12, 1869, being repugnant to the new constitution, is inoperative, and all deductions made under it from the valuation of lands for the year 1878, by the assessors, are without authority of law; they are mere nullities, and must be so treated by the board

of county commissioners in levying the necessary taxes for the current year.

The decree must be that all such deductions made from the valuation and assessment of lands in said county are void and of no effect, and that the order of injunction be issued as prayed in plaintiff's petition.

DECREE ACCORDINGLY.