JOSHUA H. BUEL, JR., ASSIGNEE OF JOSHUA H. BUEL, SR., APPELLANT, v. JOHN L. FARWELL, TREAS. IMP., ET AL., APPELLEES.

Mortgage Foreclosure: DISTRIBUTION OF PROCEEDS OF SALE. J. H. B. held a second mortgage on certain real estate owned by J. E. S. The S. S. I. held a prior and first mortgage on the same property executed by the same mortgagor. Other parties held judgments against J. E. S., all subsequent to the mortgage of J. H. B. J. H. B. commenced suit in the district court to foreclose his mortgage, making the S. S. I., as well as J. E. S. and wife, and the several judgment creditors defendants, and alleging that their several claims and liens were junior and subject to the lien of his mortgage. The S. S. I. appeared and answered setting up its mortgage and claiming it to be the first and prior lien. The court found and declared the mortgage of the S. S. I. to be the first and prior lien, and rendered the usual decree of foreclosure. Upon sale of the mortgaged premises by the sheriff they brought less than the amount found due the S. S. I. by the court. From an order directing such proceeds to be paid to the S. S. I., J. H. B. appealed; *held,* that it was the land itself and not the equity of redemption that was sold by the sheriff, and that all right, title, and lien of each of the parties who were before the court in and to the lands, passed to the purchaser by virtue of the sheriff's deed.

APPEAL from Otoe county district court. The case is stated in the opinion.

*George W. Covell and C. W. Seymour* for appellant.

I.  A person who bids off property at a foreclosure sale becomes a *quasi* party to the foreclosure suit, so as to subject himself to the jurisdiction of the court; and on proper application in the action, the court will make an order to compel him to pay in the amount of his bid. *Ogelvie v. Richardson; Atkinson v. Richardson,* 14 Wis., 157–8. *Deadrick v. Watkins,* 8 Humph., 520. The fact that a person who bid off property in his own name at such a sale was bidding for another, will not relieve him from the obligation of his contract. (Idem.) Where property was sold on a decree of foreclosure, subject to the payment of a prior mortgage, and the person by whom it was bid off afterwards on the same day purchased it at a foreclosure sale under such prior mortgage, and acquired a good title at such sale, he will not be relieved from his bid at the first sale on the ground that the court in that case had failed to obtain jurisdiction over one of the mortgagors and other parties defendant. (Idem.)

II.  One who purchases under a judgment of foreclosure thereby submits himself to the jurisdiction of the court; and he may be compelled, on motion, to comply with the conditions of sale. *Cazet v. Hubbell, Putnam v. Medbury, Hamilton v. Medbury, Sawyer v. Hubbell,* 36 N. Y., 677. By becoming the purchaser, the bidder, though not named as a party in the action, submitted himself to the jurisdiction of the court in the foreclosure suit; and the appropriate remedy, to compel him to pay over the surplus money, is by motion in that suit. *Requa v. Rea,* 2 Paige, 339.

*Brasher v. Cortlandt*, 2 Johns Ch., 505. *Casamajor v. Strode*, 1 Simons & Stuart, 381. *Lansdown v. Elderton*, 14 Vesey, 512.

III.  A purchaser under a decree of court at a master's sale may be compelled to complete the purchase; and the court, where the conditions of the sale give no alternative to the purchaser, will exercise its discretion, under the circumstances of the case, in coercing the purchaser by an attachment. *Executors of Brasher v. Cortlandt*, 2 Johns, Ch., 505. In the matter of Yates, 6 Jones Esq. (N. C.), 211.

IV.  Purchasers at judicial sales must take notice of the titles for which they bid.  A purchaser cannot avoid his bid at a sheriff's sale, by showing a defective title in the judgment debtor. *Dean v. Morris*, 4 G. Greene, 312.  4 McLean, 607.  3 Scam., 502.  4 Scam., 486.  1 Gilman, 220.  8 Blackf., 432.  2 Carter, Ind., 526.

V.  The remedy against a purchaser who refuses to complete a purchase under a decree or judgment of a court of equity, is by an application to the court to compel him to complete it or to resell the property, and hold him liable for the loss and the additional expenses. *Miller v. Collyer*, 1 Am. Law Reg, N. S., 572.

VI.  The rule of *caveat emptor* applies in all its rigor to purchasers at judicial sales; such a purchaser takes the property subject to every lien, either by judgment or levy, that could be asserted against the creditor upon whose judgment the land was sold. *Benham v. Corwin*, 2 Ohio State, 36.  *Creps v. Baird*, 3 Ohio State, 277. *Vattier v. Lytle*, 6 Ohio Rep., 482.

Purchaser of land at sheriff's sale takes the title, as held by the debtor, subject to prior existing liens.

*Riddle v. Bryan,* 5 Ohio, 49. *Smith v. Painter,* 5 Sergt. & Rawle, 225.

VII. In making a sale under execution or order of sale the sheriff or other public officer professes to sell only the interest or estate of the judgment debtor in the premises. The law implies no warranty. The rule of *caveat emptor* applies. Let the buyer beware of the title for which he bids. *Hammersmith v. Espy,* 19 Ia., 444. *Ritter v. Henshaw,* 7 Ia., 97. *Avant v. Reed,* 2 Stew., 488. *Phillips v. Johnson,* 14 B. Mon. (Ky.), 172. 3 Pick, 316. Reed's Appeal, 13 Penn. St., 476. *Rockwell v. Allen,* 3 McLean, 357. *Lang v. Waring,* 25 Ala., 625. *Coyne v. Souther,* 61 Penn. St., 457.

*M. L. Hayward,* for appellee.

I. That a party who bids at a judicial sale becomes a party to the suit, that he can be compelled to pay his bid, and that the rule of *caveat emptor* to a certain extent applies to him need no authorities to prove. But the purchaser in this case having by order of the court paid the money into the court, having taken the deed given him by the court through its officers, and he not being before this court and no attempt being made to affect him, we are unable to see how that law applies in this argument.

II. The proposition that at an execution sale the purchaser only takes the interest of the defendant—the judgment debtor, is too well known to need any authorities, but as this was not a sale made by a sheriff on an execution, but a sale made by a court of equity on a decree in equity of real property, especially by the court in its decree ordered to be sold, we are unable to see why such cases are quoted here. See *Gowan v. Jones,* 10 S. and M., 164. *Griffith v. Fowler,* 18 Vt., 394.

III.   The case was brought by Buel to foreclose a mortgage on property in Otoe county, given him by John E. Shepherd and wife.   The allegations of plaintiff's petition, as far as this appellee is concerned, were as follows: "That such defendant has or claims to have a lien or interest by virtue of mortgage, judgment, or other lien, in or on said real estate."   The prayer of such petition prays, "That said defendants may be brought into court and compelled to set up their interest in said premises, if any they have."   Then after praying for an accounting, plaintiff prays, "That the equity of redemption, and any and all other right, title and interest, which the defendants have in said premises, be foreclosed and forever barred, that said land be ordered sold to pay amount due and for equitable relief."   All defendants who were brought in under this prayer, are bound by a general decree, and are precluded from setting up any title derived from the mortgagor.   *Holcomb v. Holcomb*, 2 Barb., 20.   *Fithian v. Monks*, 43 Mo., 502.   *Clapworth v. Dressler*, 2 Beasley (N. J. Ch.), 62.   Under such a prayer, the priority of respective liens, held by all persons made parties to the suit, is a proper question to be determined in a foreclosure suit.   And if the decree disposes of the question of precedence between two mortgages, it is final upon that point, though the bill did not ask for such decision nor for general relief.   Freeman on Judgments, 303.   *Board v. M. P. R. R. Co.*, 24 Wis., 123.

IV.   The court will see that proceeds of sale are so applied as to protect all equities of all parties in interest.   *Brown v. Stewart*, 1 Md. Ch., 87.   *Aster v. Miller*, 2 Page, 68.   Rorer on Sales, sec. 210.   In this case, this appellee and other lien-holders appeared as commanded and set up their interest in the property, and all of them asked the protection of the court and equitable relief.   The court having brought them into the

suit, and having jurisdiction of the parties and the subject matter, was bound to make such a decree as would protect them all. And we believe this is true, where no answer is filed, if the court can, in any manner, ascertain the rights and interests of all parties. *Tootle v. White*, 4 Neb., 403. *Shellenbarger v. Biser*, 5 Neb., 200. *McArthur v. Franklin*, 15 O. S., 509. *Raymond v. Holhorn*, 23 Wis., 57.

V. Judgments which are prior liens to the mortgage will be first paid off out of proceeds of sale of premises. *Bell v. Brown*, 3 H. & J., 484.

VI. If there are conflicting claimants to proceeds of sale, their rights should be settled before sale, so that they can bid intelligently. *Snyder v. Stafford*, 11 Paige, 71.

VII. If any adverse right of any party be set up and litigated the decree is binding on him. *Lee v. Kingsbury*, 13 Texas, 68. Freeman on Judgments, page 329. *Swift v. Eaton*, 5 Conn., 531. *Weed v. Beebe*, 21 Vt., 494. *Wood v. Oakley*, 11 Paige Ch., 400.

COBB, J.

This is an appeal from the order of the district court directing that certain moneys bid and paid into court by John L. Farwell for certain mortgaged premises be applied on the decree in this case in favor of John L. Farwell, treasurer of the Sullivan Savings Institution of Claremont, New Hampshire.

Upon looking into the record we find among the names of parties defendant " The Sullivan Savings Institution of Claremont, New Hampshire," as well as " John L. Farwell, treasurer of the Sullivan Savings Institution of Claremont, New Hampshire," and others, besides the two principal defendants who executed the

note and mortgage sued on; and as to the defendants other than the Shepherds, the principal defendants, it is alleged in the petition that they "and each and every one of them have, or claim to have, a lien or interest by virtue of mortgages, judgments, or other liens in or on said real estate described in said mortgage, but the plaintiff alleges that whatever lien or interest the said defendants just above described may have in said premises the same are junior and inferior to the lien of the plaintiff's aforesaid mortgage."

The defendant, John L. Farwell, appeared and answered on behalf of the Sullivan Savings Institution, setting up a note given by the said John E. Shepherd, also a mortgage executed by said John E. Shepherd and Malissa, his wife, to the said John L. Farwell as treasurer of the Sullivan Savings Institution, upon lots A, C, I, L, J, H, E, D, and B, in Clifton Lawn; also, the S.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$ of section 32, town 9, range 14; also, five acres in S.W. corner of N.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$ of section 32, township 9, range 14, with other lands, all being in Otoe county, etc.; that there was then due to the said Sullivan Savings Institution on the said note the sum of $4,000, and that the said mortgage constituted a lien upon said real estate prior to the lien of the plaintiff in said action; also setting up that the said defendant then had an action pending in the said court for the foreclosure of said mortgage, in which action the plaintiff in this action is a defendant, and had appeared and answered, and prayed that plaintiff be prevented and restrained from interfering with the land in said defendant's mortgage described, and be not allowed to sell the same, but that any lien thereon that plaintiff might have might be foreclosed and barred in the suit in the said court wherein the said defendant was plaintiff, and John E. Shepherd, this plaintiff, and others, are defendants, and for general relief.

The cause was tried to the court, who rendered his judgment, in which he found and settled the priorities of the liens of the several parties, and among other things he found that "there is now justly due and owing to the defendant, John L. Farwell, as treasurer of the Sullivan Savings Institution of Claremont, New Hampshire, on the note mentioned and set forth in his answer herein, including interest thereon at the rate of twelve per cent per annum up to the 19th day of March, 1877, the sum of four thousand seven hundred and nine dollars and thirty-three cents, and that he ought to recover said sum, together with interest thereon at the rate of twelve per cent per annum from the said 19th day of March, 1877."

And the court further found "that the said sum of four thousand seven hundred and nine dollars and thirty-three cents so found due defendant John L. Farwell, treasurer of the Sullivan Savings Institution of Claremont, New Hampshire, together with interest thereon as aforesaid, is secured by a prior mortgage on a portion of the premises described in plaintiff's mortgage herein, to-wit: All of lots A, C, I, L, H, E, D, and B, as designated on the recorded plat of Clifton Lawn; also the south-west quarter of the south-east quarter of section No. 32, in township 9, range 14; also five acres in the south-west corner of the north-west quarter of the south-east quarter of section 32, in township 9, range 14—all in Otoe county, Nebraska, as well as other real estate described in said Farwell's answer herein, but not included in plaintiff's mortgage."

And in which said judgment it was, among other things, adjudged that * * * * "the remaining of the mortgaged premises herein described, and on which the claim of the defendant John L. Farwell as treasurer of the Sullivan Savings Institution, of Claremont, New Hampshire, is declared to be the first lien, and

hereinbefore described, be sold and the proceeds arising from said sale said sheriff shall bring into court and pay the same over to the clerk thereof to abide the further order of the court in the premises."

An order of appraisement and sale was afterwards issued on the said judgment to the sheriff of said county. The last above described parcels of real estate were appraised and certain tax liens deducted from the value thereof, but the Farwell mortgage was not so deducted or mentioned. The property was sold, and the sheriff in his return of such sale states that he "did at the time and place mentioned in the notice of sale offer and sell the said lands and tenements above specified, to-wit: The south-west quarter section 32, township 9 north, of range 14 east of sixth principal meridian, at three hundred and forty dollars; also lot A in Clifton Lawn at sixty-seven dollars; also lot C in Clifton Lawn at one hundred and thirty-four dollars; also lots I, L, J, H, D, and B in Clifton Lawn, at one hundred and sixty-seven dollars each, making a total of twelve hundred and three dollars * * * to John L. Farwell, who bid, by his agent Julian Metcalf, for the sum of fifteen hundred and forty-three dollars, he being the highest, last, and best bidder therefor, and said sums being not less than two-thirds of the appraised value thereof, after deducting the liens and incumbrances shown by the certificates made by the officers requested to make the same by statute, and the same being not less than two-thirds of the interest of the defendants John E. and Malissa Shepherd in said lands, and after making said sale to John L. Farwell I demanded of him, through his attorney of record M. L. Hayward, and of him through his agent Julian Metcalf, each at two several times, that he pay into my hands, to be paid to the clerk of this court by me, the said sum of fifteen hundred and forty-three dollars, the purchase money of

said tracts of land as aforesaid, in accordance with the decree of court and order of sale in this cause, which he and they refused to do, and that he paid no money to me except thirty dollars and eighty cents paid me by Julian Metcalf, his agent, to be applied by me towards the payment of my costs on sale of said tracts of land."

Afterwards the appellant (assignee of the original plaintiff) came into the court below and filed his motion to "compel the aforesaid John L. Farwell to pay over to Frank M. Farber, as late sheriff of the county of Otoe, in the state of Nebraska, for the use and to the use and benefit of him the said assignee of said finding and decree, the sum of fifteen hundred and twelve dollars and twenty cents, which sum is a balance due from him as bidder for and purchaser at sheriff's sale of the right, title, and interest of John E. Shepherd and Malissa Shepherd, his wife, in and to" (describing the property as hereinbefore) "made by said Frank M. Farber, as late sheriff of Otoe county, Nebraska, under an order of sale in this cause, the interest of which John E. Shepherd and Malissa Shepherd, his wife, in and to said lands was struck off to said John L. Farwell by said late sheriff, Frank M. Farber, at the sum of $1,543.00, who bid the same by his agent, Julian Metcalf, which said agent paid on said bid to said late sheriff the sum of $30.80, and refused to pay the balance of his said bid therefor."

The motion, after argument and consideration by the court, was sustained "to the extent that John L. Farwell is ordered to pay the amount of his bid at said sheriff's sale herein into court, to be applied on the decree in this case in favor of John L. Farwell. treasurer of the Sullivan Savings Institution, of Claremont, New Hampshire." To this the appellant excepted, and brings the matter to this court by appeal.

The question here presented is, whether the money bid upon and paid for the property on which Farwell, as treasurer of the Sullivan Savings Institution, held the first and superior lien, belonged to him or to the plaintiff whose lien was second and inferior. And behind that is the question, what was sold by the sheriff, and what title passed to the purchaser by the sheriff's deed. The plaintiff could have foreclosed his mortgage without noticing the prior mortgage of the Sullivan Savings Institution, in which case all rights under the latter named mortgage would have been undisturbed by the proceeding, and the purchaser at the sheriff's sale would only have taken the equity of redemption as to the same. But by making the first and prior mortgages a party to the suit the plaintiff procured a decree and sale under which, as to both mortgages and all other lien holders legally in court, the land itself was sold—not only the equity of redemption as to both mortgages, but all the title which the mortgagors had, and the inchoate title of the other lien holders. Otherwise, why were they made parties to the suit and the priorities of their several liens adjudicated upon by the court and settled in the decree? Chancellor Walworth in the leading case of *Vanderkemp v. Shelton*, 11 Paige's Chancery; 36 (of opinion), speaking of the peculiar equities of that case, says: "The case is entirely different when the several incumbrancers, having liens upon the equity of redemption, are all made parties to the foreclosure suit, so as to give to the purchaser under the decree a perfect title, discharged of all equity of redemption in their favor. In that case the legal presumption is that the purchaser gives the full value of the property; and the whole proceeds of the sale are applied to the payment of the incumbrances in the order of their priorities."

There are cases which hold that when a junior mort-

gagee seeks to foreclose as against the holder of a prior mortgage, the latter may suffer default, and standing upon his legal rights, will be unaffected by a decree and sale. That is not this case. The appellant brought his action to foreclose a junior mortgage, and makes all other lien holders, both prior and subsequent, parties defendant. The Sullivan Savings Institution appeared and answered, setting up its mortgage and claiming priority. The court tried the case and made a finding and decree. The said judgment—following the usual form—provides "that if the said John E. Shepherd fails for the space of twenty days from the date of said decree to pay," etc., "an order issue," etc., "to appraise, advertise, and sell the hereinbefore mortgaged premises," etc., not anybody's interest in the land, but the land itself. The notice of sale follows the decree. The several parcels of real estate are advertised by their proper description. They were each struck off at a price not less than two-thirds of their appraised value respectively, less taxes due thereon, which were duly certified under the statute, and no question is made as to the adequacy of the prices at which either parcel was sold.

It is apparent therefore that it was the land, and not merely the equity of redemption, that was sold, and all of the interest, right, title, and lien of each of the parties to the action who was legally served or who appeared in the case, passed to the purchaser by the sheriff's deed. And it necessarily follows that as to the parcels of land in question, the Sullivan Savings Institution, being the holder of the prior mortgage, was entitled to be paid the amount found due on its mortgage out of the proceeds of such sale, to the extent thereof. The order of the district court must therefore be affirmed.

ORDER AFFIRMED.