JOHN FORRER, APPELLEE, v. JOHN KLOKE AND FERDINAND KOCH, APPELLANTS.

**Mortgage Foreclosure.** A first mortgagee who is made defendant in a foreclosure suit by a second mortgagee, in which the petition contains no allegation tendering to him an issue upon the priority or validity of his mortgage, and against whom judgment is taken by default, is not barred by such judgment from bringing suit to foreclose a prior mortgage held by him on the same premises.

JOHN FORRER brought an action in the district court of Cuming county, alleging—1. That he has the legal title to lot 6, block 10, in the city of West Point, in said county, and that defendant John Kloke sets up an estate and interest therein adverse to the plaintiff. 2. That on January 31, 1879, an order of sale, at the request of said John Kloke, was issued out of the district court for Cuming county, for the sale of said premises, to satisfy a pretended judgment in favor of said John Kloke, and against L. B. Schonlau and Lina Schonlau, for $1,105.70, amount claimed to be due on a certain pretended mortgage. 3. That defendant Koch, who is sheriff of the county, caused the said premises to be appraised, and advertised the same to be sold March 10, 1879. 4. That said pretended claim of $1,105.70 was and is fraudulent; that the said John Kloke held no valid mortgage, and that the pretended judgment is void. 5. That at the same term at which said judgment was rendered a decree

was rendered in favor of Nye, Colson & Co., in an action wherein Nye, Colson & Co. were plaintiffs, and said L. B. Schonlau, Lina Schonlau, and John Kloke were defendants, forever barring and foreclosing whatever interest said John Kloke had in said premises, and declaring the lien of said Nye, Colson & Co. superior and paramount to that of said John Kloke, and ordering said premises to be sold to satisfy said judgment, which was accordingly done, and a sheriff's deed made to the purchasers [Nye, Colson & Co.] by order of the court, and through which said plaintiff obtained title and possession to said premises.    6. That if said defendants are permitted to sell said premises it will cast a cloud on plaintiff's title, and cause him great and irreparable injury, and prays that the judgment for the foreclosure of the mortgage under which said order was issued be declared null and void, and for an injunction restraining said sale.

The defendant Kloke answered, alleging: 1. That on April 3, 1875, said John Kloke filed a petition in said court in an action entitled *John Kloke v. L. B. Schonlau and Lina Schonlau*, praying for the foreclosure of a mortgage on said premises on a note and mortgage, dated May 10, 1871, and the mortgage of which was recorded May 11, 1871, and that at the June term, 1875, a decree of foreclosure was rendered in said action in favor of said John Kloke for the said sum of $1,105.70.    That said judgment has not been appealed from, and no proceedings in error have been commenced; that said judgment has not been reversed or set aside, and that it is a good, valid, and subsisting judgment, and does remain in full force and effect; and that said order of sale has been issued on said judgment.    2. That at the said June term of court a decree of foreclosure was on default rendered in favor of Nye, Colson & Co., in an action of said Nye, Colson & Co.

against L. B. Schonlau, Lina Schonlau, and John Kloke, on a note and mortgage, dated March 27, 1872, "forever barring and foreclosing whatever interest the said John Kloke had in said premises, and declaring the lien of said Nye, Colson & Co. superior and paramount to that of John Kloke;" that the said Nye, Colson & Co., in their petition in said action, alleged that: "The defendant John Kloke claims to have some lien or estate in said premises, but the plaintiffs are ignorant of the extent thereof, nor do they know whether said defendant has at this time a subsisting lien upon said premises, and they demand proof of the same." And they further allege that in said decree the court did not adjudicate upon and determine the rights of said John Kloke under his mortgage of May 10, 1875; that said mortgage was paramount to that of Nye, Colson & Co., and that said defendants are entitled to have said premises sold under said order of sale.

Plaintiff replied, admitting execution of notes and mortgage to Kloke, but alleging that little or nothing was due thereon when same was foreclosed, which said Kloke well knew; but that, intending to defraud Nye, Colson & Co., and defeat their lien, he fraudulently took a decree for $1,105.70; that the petition in Kloke's foreclosure did not state a cause of action; that Kloke had due notice of proceedings of Nye, Colson & Co. prior to the commencement of his said action; that Nye, Colson & Co. were not made parties to Kloke's foreclosure, etc.

Defendants moved to strike out affirmative matter in the reply. Motion overruled. Defendants then demurred thereto. Demurrer overruled.

Trial before BARNES, J., and decree for plaintiff. Defendants appeal.

*Uriah Bruner,* for appellant, cited 1 Nash Pl., 263. *Arnold v. Baker,* 6 Neb., 134. *Abbe v. Marrit,* 14 Cal., 210. *Clark v. Dayton,* 6 Neb., 192. Persons having prior liens are not necessary parties to a foreclosure suit of a subsequent mortgage. When a subsequent mortgagee makes a prior mortgagee a party to the suit, the prior mortgagee stands unaffected by the proceedings, although he suffers default. 2 Jones on Mort., 1439-40. *Frost v. Koon,* 30 N. Y., 428, 444. *Strobe v. Dowen,* 13 Wis., 11. *Straight v. Harris,* 14 Wis., 509. *Williamson v. Probosco,* 4 Halst. (N. J.) Ch., 571. *Short v. Nooner,* 16 Kan., 220. Pomeroy Rem. Rights, sec. 336. *Lewis v. Smith,* 5 Seld., 502. All subsequent lien holders should be made parties to a suit to foreclose a mortgage; and the rights of any so interested and not made a party are not affected by the decree of foreclosure and the sale made under it, but may redeem as before the sale. 2 Jones on Mort., 1395-6, and authorities cited.

*Crawford & McLaughlin,* for appellee.

1. The defendant Kloke having been made a party to the foreclosure suit of Nye, Colson & Co., in which a decree was rendered determining the priority of liens, is bound by that decree, and the sheriff's deed is "an entire bar against each of them and all parties to the suit in which the decree for such sale was made." Code, sec. (745), Gen. Stat., 656. *Buel v. Farwell,* 8 Neb., 234. *Milter v. Finn,* 1 Neb., 288-91. *Shellenbarger v. Biser,* 5 Neb., 195. Freeman on Judgments, secs. 217-218. *LeGuen v. Gouverneur,* 1 Am. Dec., 121 (1 Johnson's Cases, 436). *Vandercamp v. Shelton,* 11 Paige's Chancery, 36. If a decree disposes of the question of precedence between two mortgages, it is final upon *that point,* though the bill neither asked for

such a decision nor for general relief. Freeman on Judgments, sec. 303. *The Board of Supervisors v. Mineral Point R. R. Co.*, 24 Wis., 93. A judgment directing sale of mortgaged premises is conclusive as to all parties to the suit so long as it remains unreversed. 2 Jones on Mortgages, 1588. *The Board of Supervisors v. Mineral Point R. R. Co., et al.*, 24 Wis., 121.

2. But even if the decree in favor of Nye, Colson & Co. did not conclude Kloke, he could not enforce his decree by a sale of the mortgaged premises as against the plaintiff in this action, who obtained title under the decree in favor of Nye, Colson & Co. *First*, because Kloke's petition did not state a cause of action, in that it did not " state whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof, and whether such debt, or any part thereof, has been collected and paid," as required by sec. (742) code, which is fatal to the bill. 2 Hilliard on Mortgages, 176. *Second*, Kloke fraudulently alleged that there was due him on the note and mortgage some $1100, and fraudulently took a decree for that amount. *Third*, Kloke in his petition did not ask that his mortgage be foreclosed, and the mortgaged premises be ordered sold to satisfy his claim, nor for general relief. *Fourth*, Kloke's mortgage was not given on the south 22 feet of lot six, in block ten, as he alleged in his petition.

Cobb, J.

In their foreclosure suit Nye, Colson & Co. make the defendant John Kloke, as well as the Schonlaus, defendants; but their only allegation to charge him contained in their petition is as follows:

" 7. The defendant John Kloke claims to have some lien or estate in said premises, but the plaintiffs

are ignorant of the extent thereof, nor do they know whether said defendant has at this time a subsisting lièn upon said premises, and they demand proof of the same."

Thus it will be seen they presented no issue to Kloke, nor assailed either the validity, priority, or amount of his lien in any degree. He was therefore not called upon to defend anything, and no finding or judgment upon the pleadings thus presented would bar him of the right to foreclose a prior mortgage on the same premises.

But in pursuing his own remedy he should have made the holders of the mortgage subsequent to his own parties to his action, and had the mortgagors, the Schonlaus, made the proper motion for that purpose he would have been compelled to bring in all subsequent incumbrancers and lien holders by proper amendments of his petition and alias summons; or had the holders of the subsequent mortgage seen proper to apply to the court for that purpose, they would have been let in to answer and defend.

But the weight of authority is largely against the position taken by appellee, to-wit: that the defendant Kloke having been made a party to the foreclosure suit of Nye, Colson & Co., although their petition tendered no issue to him contesting the validity, priority, or amount of his lien, is bound by the decree in that case settling the priorities of liens, etc.

In the opinion of this court in *Buel v. Farwell*, 8 Neb., 235, there is an expression which is erroneous, except when read by the lights furnished by the facts in that case. The opinion contains this clause: "It is apparent, therefore, that it was the land and not merely the equity of redemption that was sold, and all of the interest, right, title, and lien of each of the parties to the action, who was legally served or who

appeared in the case, passed to the purchaser by the sheriff's deed." But preceding this and on the opposite page of the opinion the court say:

" The question here presented is whether the money bid upon and paid for the property, on which Farwell, as treasurer of the Sullivan Savings Institution, held the first and superior lien, belonged to him or to the plaintiff whose lien was second and inferior. And behind that is the question, what was sold by the sheriff and what title passed by the sheriff's deed? The plaintiff could have foreclosed his mortgage without noticing the prior mortgage of the Sullivan Savings Institution, in which case all rights under the latter named mortgage would have been undisturbed by the proceeding, and the purchaser at the sheriff's sale would only have taken the equity of redemption as to the same. But by making the first and prior mortgagee a party to the suit the plaintiff procured a decree and sale under which, as to both mortgages and all other lien holders legally in court, the land itself was sold—not only the equity of redemption as to both mortgages, but all the title which the mortgagors had, and the inchoate title of the other lien holders. Otherwise, why were they made parties to the suit, and the priorities of their several liens adjudicated upon by the court and settled in the decree?"

The case of *Miller v. Finn*, 1 Neb., 288, is cited by appellee. I have read that able opinion with great care, but fail to find anything in it tending to shake the conclusion to which I have arrived in this case; and as that was an action brought by a purchaser at sheriff's sale, to have declared fraudulent and void as to creditors a prior mortgage on the same premises, and the proceedings of foreclosure and sale thereunder, or to redeem the said mortgage if upon the hearing it should appear to have been made *bona fide*, and

as the court allowed the plaintiff to redeem on the ground that he was the owner of certain judgments against the original mortgagor, the then holders of which had not been made, parties to the foreclosure suit, I do not see how any of the reasoning of that case can help that of the appellee here.

Also *Shellenbarger v. Biser*, 5 Neb., 195. In that case one of the defendants answered setting up a prior mortgage on the premises, and also a paramount title thereto by deed from an independent source. At the hearing the district court found: "That the defendant, Forrest K. Biser, sets up and claims legal title to the premises in controversy by adverse and paramount title to the title of Julia Biser, who executed the mortgages to plaintiff and defendant Wheeler, and that said Forrest K. Biser's title, so set up and claimed, cannot be litigated or affected in this action. It is therefore adjudged and considered that this cause and action be and the same hereby is dismissed as to the defendant Forrest K. Biser, and that said Forrest K. Biser go hence without day," etc.

The opinion of this court by the present chief justice, after quoting the above finding and judgment in the district court which was appealed from, continues: "The general rule in equity is, that all persons materially interested in the mortgaged premises should be made parties to the suit. This includes all incumbrancers (prior and subsequent) existing at the time of filing the petition, in order that the purchaser may take a perfect title by a sale under the decree, as he takes only the title of the parties to the suit; and also prevent a multiplicity of suits, and in order that the proceeds of the mortgaged premises may be distributed among the lien holders according to the priority of liens. Many of the cases hold that a prior incumbrancer is not a necessary party to the suit, as the

purchaser takes the estate subject to the paramount lien; yet he is a proper party in order to obtain an adjudication as to the validity and amount of the lien." As the defendant Forrest K. Biser had answered, in that case the court was not called upon to consider, nor did it consider, what would have been the effect of an adjudication or finding of the district court upon his rights had he refused or failed to answer.

Having reached the conclusion which I have above indicated it will be unnecessary to notice any of the exceptions to the introduction of testimony and other minor points raised in the case.

The decree of the district court is reversed, and the cause remanded for further proceedings, with leave to the plaintiff to turn his case into a bill to redeem should he so elect.

JUDGMENT ACCORDINGLY.