NETTIE B. SHEDENHELM, PLAINTIFF IN ERROR, V. JAMES W. SHEDENHELM, DEFENDANT IN ERROR.

1. **Divorce:** SUMMONS: SERVICE BY PUBLICATION. An affidavit for service by publication in an action for divorce was as follows:

"In the district court of Saline county, Nebraska,

NETTIE B. SHEDENHELM, plaintiff,
    *vs.*
JAMES W. SHEDENHELM, defendant.

STATE OF NEBRASKA,
    *Saline County.*

Nettie B. Shedenhelm, plaintiff in the above action, being first duly sworn, on oath says: She has this day caused a petition to be filed in said court against the said defendant, the object and prayer of which are to obtain a divorce, with alimony, from said defendant; that the defendant is a non-resident of the state of Nebraska, and that service of a summons cannot be had on him in this state. Wherefore plaintiff prays for service upon said defendant by publication.

NETTIE B. SHEDENHELM.

Subscribed in my presence and sworn to before me this 9th day of September, 1886.

[NOTARIAL SEAL.]            L. H. DENNISON,
                                    *Notary Public.*"

*Held,* Sufficient. It is unnecessary in the affidavit for publication to set forth the particular cause or causes upon which a divorce is sought, and the affiant may state or omit the same at his option.

2. **Default:** FINAL ORDER. The overruling a motion to take a default against the defendant is not a final order, and not reviewable in the supreme court until after final judgment.

ERROR to the district court of Saline county. Heard below before MORRIS, J.

*Abbott & Abbott,* for plaintiff in error.

No appearance for defendant in error.

BY THE COURT:

.This is an action for divorce brought by the plaintiff against the defendant in the district court of Saline county. The defendant being a non-resident of the state, an affidavit to that effect was filed and service had by publication. Proof of publication was duly filed, and after the time to answer had expired, no appearance being made by the defendant, the plaintiff moved for a default against him. The motion was overruled, the order being as follows: "And now on this 8th day of December, A.D. 1886, being one of the days of the adjourned October, 1886, term of this court, this cause came on to be heard upon the motion of the plaintiff for default, against said defendant. The plaintiff appearing by her attorney, and the defendant failing to appear, upon due consideration by the court, the said motion is denied, because the court has acquired no jurisdiction, by reason of the affidavit for publication being insufficient in this, that it fails to set out facts showing a cause wherein publication can by law be made."

The affidavit for publication is as follows:

"In the district court of Saline county, Nebraska. Nettie B. Shedenhelm, plaintiff, v. James Shedenhelm, defendant.

STATE OF NEBRASKA, } ss.
    Saline County. }

Nettie B. Shedenhelm, plaintiff in the above action, being first duly sworn, on oath, says: She has this day caused a petition to be filed in said court against said defendant, the object and prayer of which are to obtain a

divorce, with alimony, from said defendant; that the defendant is a non-resident of the state of Nebraska, and that service of summons cannot be had on him in this state. Wherefore plaintiff prays for service upon said defendant by publication.

NETTIE B. SHEDENHELM.

" Subscribed in my presence and sworn to before me this 9th day of September, 1886.

L. H. DENNISON,

[NOTARIAL SEAL.]                    *Notary Public.*"

The published notice was as follows:

"IN THE DISTRICT COURT OF SALINE COUNTY, NE-
BRASKA.

Nettie B. Shedenhelm ⎫
          vs.        ⎬
James W. Shedenhelm. ⎭

PETITION FOR DIVORCE AND ALIMONY.

To James W. Shedenhelm: You will take notice that I have this day caused a petition to be filed in the above court against you, praying a divorce from you, with reasonable alimony, on the ground that you have cruelly neglected and refused to furnish me with reasonable support, you being of sufficient ability so to do.

That unless you answer said petition on or before Monday, October 18th (eighteenth), 1886, you will be in default, and said petition will be taken and confessed, and judgment entered accordingly.

*Crete, September 6th, 1886.*

NETTIE B. SHEDENHELM.

ABBOTT & ABBOTT, Att'ys for Plaintiff."

The plaintiff now prosecutes a petition in error in this court.

Section 10, chapter 25 of the Compiled Stautes, provides that " A petition or bill of divorce, alimony, and maintenance, may be exhibited by a wife in her own name, as well

as a husband, and in all cases the respondent may answer such petition or bill without oath; and in all cases of divorce, alimony, and maintenance, when personal service cannot be had, service by publication may be made as is provided by law in other civil cases under the code of civil procedure, and either party may be a witness as in other civil cases."

Section 77 of the code of civil procedure provides that "Service may be made by publication in either of the following cases: 1st. In actions brought under the fifty-first, fifty-second, and fifty-third sections of this code, where any or all the defendants reside out of the state (for the recovery of real property, partition of same, foreclosure of mortgages, and specific performance of real estate contracts). 2d. In actions brought to establish or set aside a will, where any or all the defendants reside out of the state. 3d. In actions brought against a non-resident of this state, or a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way. 4th. In actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a non-resident of the state or a foreign corporation. 5th. In all actions where the defendant, being a resident of the state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of a summons, or keep himself concealed therein with like intent."

Section 78 of the code of civil procedure provides that "Before service can be made by publication an affidavit must be filed that service of summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in

the preceding section. When such affidavit is filed the party may proceed to make service by publication."

All that is required by section 78, above quoted, is that the nature of the cause of action shall be stated in the affidavit and that service of a summons cannot be made within this state on the defendant or defendants to be served by publication. The object of stating the nature of the cause of action is to show that the cause is one in which service may be made by publication. The nature of this cause is an action for divorce. The particular grounds upon which a divorce is sought need not be set forth in the affidavit, although a statement to that effect will not impair its validity, and may be stated or omitted at the option of the affiant. The grounds upon which a divorce is sought, however, should be set forth in the notice of publication, and that was done in this case.

In *Atkins v. Atkins*, 9 Neb., 191, the affidavit for publication failed to state the nature of the cause of action, the allegation being "that this cause is one mentioned in section No. 77 of title V. of the Revised Statutes of Nebraska as amended." In no case could the section mentioned relate to actions for divorce, and therefore the affidavit was insufficient.

The order complained of is not a final order, and therefore the judgment of the court below cannot be reviewed. *Mills v. Miller*, 2 Neb., 309. *Smith v. Sahler*, 1 Neb., 311. *Scofield v. State National Bank*, 8 Neb., 17. *School Dis- v. Brown*, 10 Neb., 441. *Sprick v. Washington County*, 3 Neb., 255. *Nichols v. Hail*, 5 Neb., 195. *Riddle v. Yates*, 10 Neb., 511. *Green v. State*, 10 Neb., 104. *Preuit v. People*, 5 Neb., 382. *Miller v. B. & M. R. R.*, 7 Neb., 228. *Hall v. Vanier*, 7 Neb., 398. *Meglemere v. Bell*, 14 Neb. 378. *Brown v. Edgerton*, 14 Neb., 453. *Wilson v. Shepherd*, 15 Neb., 17. The court is unable, therefore, to correct the error until final judgment has been rendered. The action here is dismissed.

JUDGMENT ACCORDINGLY.