Marshall v. Howell et al.

---

## MARSHALL *vs.* HOWELL ET AL.

[BILL IN EQUITY TO FORECLOSE MORTGAGE.]

1. *Answer required and made under oath; what not overcome by.*—The answer of a defendant to a bill in chancery when required on oath, and responsive, is not overcome by the testimony of the complainant as a witness.
2. *Decree in chancery on facts of case; when only will be reversed.*—A decree of the chancery court on the facts of a case, will not be reversed unless decidedly contrary to the weight of evidence.

APPEAL from Chancery Court of Perry.
Heard before Hon. A. W. DILLARD.

The facts are sufficiently stated in the opinion.

BROOKS & HARALSON, for appellant.
JOSHUA MORSE, *contra.*

Marshall v. Howell et al.

(No briefs came into the Reporter's hands.)

B. F. SAFFOLD, J.—The appellant filed his bill to fore-close a mortgage on a certain tract of land which the appellee, Howell, had given him to secure the payment of a note for about $1,025. He averred that no more than $300 had ever been paid on the debt, and that a large sum of money was still due, and that C. C. Johnson, whom he made a defendant, was in possession of the land, claiming some interest therein. The defendants were required to answer on oath touching each averment.

Johnson answered in substance that he had bought the land from Howell, with the complainant's consent, for a larger sum than was due on the mortgage; that he gave a written obligation, with personal security, to pay the mortgage debt to the complainant and the remainder to Howell, and that this obligation was given to and received by the complainant as an extinguishment of the mortgage; that he had paid $800 to the complainant and $200 more to Howell, with the said complainant's consent, all of which was intended by the parties as a credit on the amount due the plaintiff.

The complainant, as a witness in his own behalf, testified to the payments stated by the respondent, but denied that more than $300 was paid on his account. He insisted that the other sums were paid to Howell on his own account. A decree *pro confesso* was taken against Howell, and a decree in favor of the defendant Johnston was rendered on the merits of the cause.

The right of the parties depends on the weight of the evidence. The answer is responsive to the bill. The res-pondent was required to answer an averment of how much had been paid on the mortgage debt and what amount was still due. He says there is nothing due, and tells why. The written obligation given by Johnston and his surety was peculiarly drawn. It recited that on the first day of January next they were to pay to Howell the balance of money due after paying the amount of Howell's indebted-ness to Marshall, for a certain tract of land, &c. This

writing was received and held by Marshall, though he does not seem to have given up his note on Howell. There was no positive inconsistency in this, because he may have retained that note to show the amount due to him. He was cognizant of the payments he says were made to Howell, but his debt had precedence, and he had manifested no great inclination to wait, as he had attempted to sell the land and failed for want of bidders. His testimony does not overcome the defendant's answer as evidence. The obligation of Johnston and his surety, and the disposition made of it, show an agreement with the complainant, of which Johnston's account is reasonable. Its meaning is not very lucidly expressed, but the most obvious interpretation is that Johnston and Bates bound themselves to pay Marshall's debt, and as much more to Howell as would amount to ten dollars an acre for the tract of land.

We are obliged to agree with the chancellor, that the balance of evidence is on the side of the defendant.

The decree is affirmed.