## THE INDIANA AND ILLINOIS CENTRAL RAILWAY COMPANY *v.* McKERNAN.

PLEDGE OF STOCK—SALE BY PLEDGEE—Suit to compel the transfer of stock on the books of the company. The complaint alleged that one A, who was the owner of 407 shares of the stock of the railroad company, delivered the same, without assignment, to B, as collateral security for the payment of ten thousand dollars; that afterward B, still holding said stock, and his debt being unpaid, transferred his interest in the stock to plaintiff, for value received; that plaintiff afterward gave notice, in a public newspaper, that at a given time, and place, he would sell said stock at public auction, and, in pursuance of said notice, did sell the same, and became himself the purchaser for $610; that he afterward demanded of the railroad company the transfer of the stock on their books, which was refused. B was not joined as a defendant. A suffered a default on constructive notice, by publication. The company answered: 1st. That the board of directors had made a by-law that the stock of the company should only be transferred in person, or by attorney, on the books of the company, which was also expressed in the certificates, and that neither A

nor his attorney had applied for such transfer. 2d. That neither A nor B had ever had notice to redeem, or personal notice of the alleged sale.

*Held,* that as A was only constructively summoned, the allegations of the complaint against him could not be taken as confessed, without proof, and the railroad company had a right to insist that the plaintiff should at least show a *prima facie* case of ownership.

*Held,* also, that as the proof showed the transfer of the stock by B to the plaintiff to have been by way of pledge, B was a necessary party to a complete determination of the controversy, and the company had a right to demand that he should be made a party.

*Held,* also, that when the stocks and bonds of a corporation are pledged, they may, upon default, be sold for the debt; but such sale must be at public auction, and can only be made upon demand of payment, and notice to the pledgor of the time and place of sale. But if the pledgor cannot be found, so as to have a personal demand made upon him, then the pledgee must resort to his bill, and have a judicial sale.

*Held,* also, that the plaintiff acquired no title to the stock by his sale.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—Suit by *McKernan* against the *Railway Company* and *Salmon A. Buell,* to compel the transfer of stock.

The complaint avers, that on, &c., the defendant, *Buell,* was indebted to one *James P. Drake* in the sum of ten thousand dollars, and being so indebted he delivered, without assignment, to *Drake,* as collateral security, certificates for four hundred and seven shares of the capital stock of the *Indiana and Illinois Central Railway Company,* of which *Buell* was then the holder and owner. That afterward, the debt still remaining unpaid, *Drake,* having possession of the certificates of stock, on, &c., transferred his interest in the stock to the plaintiff, for value received. That the principal debt being still due and unpaid, the plaintiff, on the 14th of *December,* 1863, by publication in the *Indiana State Sentinel,* gave public notice that he would sell the stock at public sale on the 7th of *January,* 1864, between the hours of ten o'clock A. M. and 4 o'clock P. M., at the office of *McKernan* and *Pierce,* No. 39 West Washington street, in the city of *Indianapolis.* A copy of the notice is made a part of the complaint. That afterward, on the 7th of *January,* 1864, at the time and place mentioned in said notice,

the plaintiff caused the stock to be exposed for sale at public auction, by an auctioneer; and the plaintiff, to protect his interest, bid in the stock for $610 50, that being the best bid that could be obtained therefor.

That the auctioneer made a written memorandum thereof. That afterward, on, &c., the plaintiff made a demand upon the railroad company for the transfer of the stock to him on the books of the company, which was refused, &c.

There was publication as to *Buell*, and he made default.

The railroad company demurred to the complaint on the ground, 1st, That the complaint does not state facts sufficient to constitute a cause of action. 2d, That there is a defect of parties, in this, that *Drake* is not made a party defendant.

The demurrer was overruled, and the company excepted.

The appellant answered: 1st. By the general denial. 2d. That the defendant is a railroad corporation, incorporated under the general law; that under the provisions of the act entitled, "An act to provide for the incorporation of railroad companies, approved *May* 11, 1852," the duly elected and qualified board of directors of the corporation made a by-law, in the words and figures following, to-wit: "The stock of the company shall be transferable, in person or by attorney, upon the books of the company." That the certificates of stock in question contained the following clause: "This stock is transferable only on the books of the company, in person or by attorney, and surrender of this certificate." That this by-law is, and has been for more than eight years, in full force.    *    *    *    *

That the demand for the transfer was made on the president and secretary of the company, who had no power to change the by-law, but were bound to obey it; that the transfer was not demanded by *Buell* in person, or by attorney, but by *McKernan*, as charged in the complaint, claiming under *Drake*, who is unknown to the defendant as the

owner or holder of such stock; that *Buell* is yet, as shown by the books of the corporation, the owner of the stock.

3d. That *Drake* and *Buell* have never had notice to redeem the stock pledged, as pretended in the complaint, nor has either of them ever had personal notice of the pretended sale.

The plaintiff demurred to the second and third paragraphs of the answer. The court sustained the demurrers, and the appellant excepted.

Trial by the court; finding for the plaintiff; motion for a new trial overruled, and the appellant excepted. The evidence is in the record. The notice on which the stock was sold is as follows:

'NOTICE — RAILWAY STOCK FOR SALE.'

"Notice is hereby given to all whom it may concern, that on the 28th day of *November*, 1855, *Salmon A. Buell*, being the owner of 407 shares of the capital stock of the *Indiana and Illinois Central Railway Company*, said stock being in $50 shares, and holding as evidence of his title, certificates of said company, viz: No. 1730 for 227 shares, and No. 1731 for 180 shares, and being indebted to *James P. Drake* in the sum of $10,000, did, on the day aforesaid, deliver said certificates and stock, without assignment, to said *Drake*, in pledge as security for the payment of said debt, and that on the 1st day of *December*, 1862, said *Drake*, by delivery, for divers good considerations, transferred his interest in said pledged certificates and stock to the undersigned. And the principal debt being now due, and wholly unpaid, I will, on *Thursday*, the 7th day of *January*, 1864, between the hours of 10 o'clock A. M. and 4 o'clock P. M. of said day, at the office of *McKernan* and *Pierce*, No. 39 West Washington street, in the city of *Indianapolis*, offer said 407 shares of said stock for sale, at public auction, for the payment of the said debt of *Buell* to *Drake*.

"(Signed,)                    J. H. McKERNAN."

No other notice, than the publication of this, was given to *Drake* or *Buell*. *McKernan* swears that the stock was handed to him by *Drake*, to secure $3,000 advanced by him to *Drake*.

It is contended by the counsel for the appellee, that the railroad company cannot dispute *McKernan's* title to the stock, *Buell* having suffered a default, on constructive notice of the pendency of the suit.

The statute provides that "the statements of a complaint against a defendant constructively summoned, and who has not appeared, except such as are for his benefit, shall not be taken as true, but shall be established by proof," 2 G. & H., § 392, p. 224. And such defendant, except in cases of divorce, may, at any time within five years after the rendition of the judgment, have the same opened, and be allowed to defend. 2 G. & H., § 43, p. 66. We think, in such case, the railroad company has a right to insist on the plaintiff making out at least a *prima facie* right to the legal title of the stock in question.

The complaint avers an absolute transfer from *Drake* to *McKernan* of the interest of the former in the stock, but the proof shows, that *Drake* only pledged the stock to *McKernan* for the repayment of the $3,000 advanced by the latter to the former. Under the facts in the case, *Drake* was a necessary party; he had an interest in the subject matter of the litigation, and was a necessary party for complete relief. The railroad company had a right to insist on his being made a party for the protection of its rights.

The statute provides that "when any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the *assignor* shall be made a defendant, to answer as to the assignment, *or his interest in the subject of the action*." 2 G. & H., § 6, pp. 38, 39, 40. This applies as well to *Drake*, the intermediate, as to *Buell*, the original assignor, under the facts of the case, *Drake* still having an "*interest in the subject of the action*."

*McKernan* could only acquire the legal title to the stock by a sale authorized by law.

In the case of *Evans* v. *Darlington*, 5 Blackf. 320, *Sullivan*, J., in delivering the opinion of this court, says: "When property has been pledged, as in the case before us, the pawnee has two remedies, either of which he may select. He may file a bill in chancery and have a judicial sale under a decree of foreclosure, or he may sell without judicial process, on the refusal of the debtor to redeem, after reasonable notice to do so. In this case, the pawnee pursued neither of the remedies given him by the law. The sale, therefore, was without authority and consequently void."

Where the stock or bonds of a corporation are pledged, they may, upon default, be sold for the debt. But such sale must be at public auction, and can only be made upon demand of payment, and notice to the pledgor of the time and place of sale. *Brown* v. *Ward*, 3 Duer 660. The rule in this respect is the same, whether the pledge was made to secure a debt payable presently, or one payable at a future day. *Stearns* v. *Marsh*, 4 Denio 227; *Wilson* v. *Little*, 2 Comstock 443.

If the pledgor cannot be found, so as to have a personal demand made of him, the pledgee *must* resort to his bill. *Stearns* v. *Marsh*, *supra*.

There are several other questions made by the counsel of the appellant, but as *McKernan* acquired no title to the stock by his sale, the other questions become immaterial.

The judgment is reversed, at the cost of the appellee, and the cause remanded to said court, with directions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*B. K. Elliott*, for appellant.

*L. Barbour* and *J. D. Howland*, for appellee.