# Pearce *v.* Gamble & Bolling.

*Bill in Equity by Receiver, acting under Decretal Order, to enforce against Attorneys Implied Trust in favor of Clients.*

1.  *Purchase by attorney, at sale under execution in favor of client.*—An attorney, having recovered a judgment for his client, and having the control thereof, can not, without the consent of his client, express or implied, become the purchaser of lands at a sale under execution issued thereon; and if he does so purchase, he becomes, like any other agent, a trustee for his client. Such a trust arises by operation of law, and continues until barred by lapse of time, or until terminated by an election to ratify the purchase, thereby giving it validity.

2.  *Same; when receiver may enforce such implied trust.*—A receiver, appointed by the Chancery Court, succeeding to all the rights and remedies of the client, and authorized to sue, may file a bill to enforce this implied trust against the attorney; and the *onus* is on the attorney to show that the right has been lost by *laches*, or that the purchase has been ratified.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on the 12th July, 1882, by George A. Pearce, acting as receiver under a decretal order made by said Chancery Court, against John Gamble and John Bolling, attorneys at law and solicitors in chancery, practicing as partners; and sought to enforce against the defendants an alleged trust in favor of Preston & Stetson, in a tract of land which had been sold under execution in their favor against one John W. Wright, and which was bought at the sale by said Gamble & Bolling, who were the attorneys of record of said Preston & Stetson, and as attorneys had control of the judgment and execution. The judgment in favor of Preston &

[Pearce v. Gamble & Bolling.]

Stetson was rendered on the 16th June, 1876, and was for $582.35; and the sale under execution was made in February, 1877, the price bid being $40. The complainant was appointed receiver in a suit entitled " *G. B. Preston v. A. S. Stetson;*" and the order authorizing him to file the bill, which was made an exhibit, was rendered on the 11th July, 1882, and in these words: "This cause came on to be heard on the application of the receiver, made in open court, to file a bill in the Chancery Court of Butler county against Gamble & Bolling, to get a decree of that court to order a conveyance by them of certain lands in said county, alleged to be held by them in trust for said Preston & Stetson as late partners; and on consideration, said application is granted. It is therefore ordered, adjudged, and decreed, that said George A. Pearce, as receiver of this court in this cause, is hereby authorized and empowered to file such a bill in his own name as receiver, and to employ a solicitor for that purpose."

Bolling having been declared *non compos mentis*, a guardian *ad litem* was appointed to answer and defend for him. An answer to the bill was filed by Gamble, in which was incorporated a demurrer on the following (with other) grounds: 1st, "because the bill fails to show that the claim or demand here sued on is assets belonging to him as receiver for said Preston & Stetson;" 2d, "because the bill shows that complainant, as receiver of the property and rights of property of said Preston & Stetson, seeks to make said purchase of said real estate their purchase, and such election is not made by them;" 3d, "because the bill fails to show that any property of said Preston & Stetson, or any rights of property of theirs, was or is invested in said real estate." The chancellor sustained the demurrer on these grounds, and his decree is now assigned as error.

J. C. RICHARDSON, for appellant.—That a purchase by an attorney, of property sold in the course of the litigation in which he is employed, is voidable at the election of his client, or will be held to enure to the benefit of his client, see *Stockton v. Ford,* 11 How. U. S. 247; *Howell's Heirs v. McCreery's Heirs,* 7 Dana, 388; *Baker v. Humphrey,* 11 Otto, 500; *Hooper v. Perry,* 28 Iowa, 57; *Hawley v. Cramer,* 4 Cowen, 717; *Davis v. Smith,* 43 Conn. 269; *Hatch v. Fogerty,* 40 How. Pr. (N. Y.) 492; *Warren v. Hawkins,* 49 Mo. 137; *Michaud v. Girod,* 4 How. U. S. 555; *Hall v. Hallett,* 1 Cox, 134; *Rigno v. Binns,* 10 Peters, 279; *Dickerson v. Bradford,* 59 Ala. 581; *Walker v. Palmer,* 24 Ala. 358. That the complainant, as receiver, was authorized to sue, and was the only person who could bring the suit, see *Leonard v. Storrs,* 31 Ala. 388; *Booth v. Clark,*

[Pearce v. Gamble & Bolling.]

17 How. U. S. 331; *Coope v. Bowles*, 28 How. Pr. (N. Y.) 10;
8 Ga. 358; 15 Cal. 206; 4 Sandf. Ch. 417.

BUELL & LANE, *contra.*—The purchase by the defendants
was made nearly five years before the complainant's appoint-
ment as receiver, and no fraud or misrepresentation is charged
against them. The theory of the bill is, that as Preston & Stet-
son might have avoided the sale, or had the defendants declared
trustees for their use and benefit, the complainant, as their legal
representative, may exercise and enforce the same right of elec-
tion. The order appointing the receiver is not set out, and the
bill only alleges that he was appointed "receiver of the property
and rights of property of Preston & Stetson." A receiver,.
generally, is simply the custodian of the property in litigation,.
with authority, in case of partnership property, to collect the
assets, and convert them into money.—Kerr on Receivers, 182,
note. The right to avoid such a purchase as this, or to have it
declared a trust, is neither property, nor a right of property,
but a simple privilege, or right of election, which can only be
exercised by the parties themselves, and which the chancellor
could not confer upon the complainant.—Perry on Trusts, § 198;.
Wharton on Agency, § 576; *Eastern Bank v. Taylor*, 41 Ala.
93; *Charles v. Dubose*, 29 Ala. 367; *Bott v. McCoy & John-
son*, 20 Ala. 578; 11 Howard, 331.

PER CURIAM.—The proposition can not be denied, that the
appellees, being the attorneys for the firm of Preston & Stetson,.
could not purchase the land, under the judgment which was re-
covered and controlled by them, without the consent of their
clients, express or implied. They were forbidden to make the
purchase, on well-settled principles of public policy; and the
law holds them to be trustees for their principals, in whose em-
ployment they were acting as agents. This is the general rule
applicable to all agents and trustees, and attorneys at law con-
stitute no exception to it.—Weeks on Attorneys at Law, § 273,
and cases cited.

It required no election to raise this trust. It was raised by
operation of law, and continued to exist until it was lost by lapse
of time, or by an election to ratify the purchase. Unreasonable
delay in enforcing the right, or an express or implied assent to
the transaction, would alone give it validity. The right was
one which would pass to a receiver who is authorized by the
Chancery Court to bring an action, all the rights and remedies
of the beneficiaries having passed to the receiver, whether legal
or equitable in their nature.—High on Receivers, § 539; *Leonard
v. Storrs*, 31 Ala. 488. The *onus* was on the appellees, to show

[Harwell v. Lehman, Durr & Co.]

that the right of action was lost by *laches*, or by ratification of the transaction; and this they have failed to do.

Reversed and remanded.

