FREDERICK J. BURNETT, APPELLEE, V. FRED HOFFMAN ET AL., APPELLANTS.

FILED MAY 15, 1894.   No. 5239.

**Mortgage Foreclosure:** ASSIGNMENT: GUARANTOR: PARTIES.
A mortgagee of real property, who has sold, and to the purchaser has guarantied payment of the bond secured by mortgage, and who afterwards, on account of his guaranty, has taken up some of the overdue coupons attached to and evidencing the interest to be paid on such bond, may avail himself as to such coupons (subject only to the rights of the holder of the note guarantied) of the same remedies as, before the sale, had been available to the original mortgagee.

APPEAL from the district court of Chase county. Heard below before COCHRAN, J.

*Charles W. Meeker* and *John C. Hayes,* for appellants, cited: Bliss, Code Pleading, 100; Maxwell, Pleading & Practice, 25; *Swenson v. Moline Plow Co.,* 14 Kan., 387;

*Shellenbarger v. Biser*, 5 Neb., 195; *Burroughs v. Ellis*, 38 N. W. Rep. [Ia.], 141; *McDowell v. Lloyd*, 22 Ia., 448; *Cleveland v. Booth*, 44 N. W. Rep. [Minn.], 670; *Lowenstein v. Phelan*, 17 Neb., 429; *Pope v. Hooper*, 6 Neb., 178; *Fletcher v. Daugherty*, 13 Neb., 224; *Jackson v. Blodgett*, 5 Cow. [N. Y.], 202; *Richards v. Kountze*, 4 Neb., 207; *Holmes v. Andrews*, 16 Neb., 296; *Young v. Brand*, 15 Neb., 601; *Peet v. O'Brien*, 5 Neb., 360; *Johnson v. Hahn*, 4 Neb., 139.

*Montgomery, Charlton & Hall* and *Stephen S. Bishop*, contra, cited: *Colby v. Lyman*, 4 Neb., 430; *Forrer v. Kloke*, 10 Neb., 373; *White v. Bartlett*, 14 Neb., 320; *Stratton v. Reisdorph*, 35 Neb., 314; *Studebaker Mfg. Co. v. McCargur*, 20 Neb., 500; *Crouse v. Holman*, 19 Ind., 30; *Moffitt v. Roche*, 76 Ind., 75; *Rankin v. Major*, 9 Ia., 297; *Bressler v. Martin*, 34 Ill. App., 122; *Benton v. Barnet*, 59 N. H., 249; *Hardy v. Miller*, 11 Neb., 395; *Young v. Brand*, 15 Neb., 601; *Schoenheit v. Nelson*, 16 Neb., 235.

RYAN, C.

This action was brought by the appellee in the district court of Chase county for a foreclosure on past due detached coupons. The bond and mortgage securing the same were made to the American Loan & Trust Company of Ashland, Nebraska. The coupons which evidenced the obligation to pay interest on the bond above referred to were, of course, made payable to the same payee as was the bond, and each was secured by the same mortgage. The loan and trust company sold the bond, with its coupons, to a third party, and guarantied that payment of each should be made as it fell due. The defendant Fred Hoffman having failed to pay several of these coupons, they were taken up by the loan and trust company. Subsequently these coupons were assigned to Frederick J.

Burnett, who began this action for the purposes above stated. The mortgage provided that in case of failure to pay the several sums secured thereby as they fell due, the mortgagee, or its assigns, might sell the property mortgaged, for the satisfaction of the amount due. As Burnett has no higher rights than could have been asserted by the loan company, no further reference need be made to him. There was a demurrer to the petition, on the grounds of a defect of parties plaintiff and defendant, because several causes of action were improperly joined, and for the reason that the petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendants having elected to stand thereon, judgment was, on sufficient proofs, rendered against them as prayed.

It is argued that the holder of the bond to which the coupons were originally attached was a necessary party in this proceeding. No satisfactory reason is given for this contention, for, as between such party and the loan and trust company, there was the relation of creditor and debtor in a certain limited sense; that is to say, the loan and trust company was a guarantor to the purchaser that the bond and its interest-evidencing coupons should be paid as stipulated. When the loan and trust company took up these coupons, it, as between itself and the party who had purchased the coupons, had but discharged an obligation to pay, provided payment was not made by the party primarily liable. Upon the coupons so taken up the loan and trust company was entitled to foreclose the mortgage, subject to the rights of the party in whose favor the discharged guaranty had existed. There was no necessity of making the paramount incumbrancer a party. (*Forrer v. Kloke,* 10 Neb., 373; *White v. Bartlett,* 14 Neb., 320; *Stratton v. Reisdorph,* 35 Neb., 314.) In *Studebaker Bros. Mfg. Co. v. McCargur,* 20 Neb., 500, it was held by this court that the assignment of one of a series of notes

secured by mortgage, without an accompanying transfer of the mortgage, was an assignment *pro tanto* of the mortgage, and the right of a holder of one of the notes to commence a foreclosure suit on his own behalf, without prejudice to the rights of the holder of any other of such notes, was expressly recognized. These propositions dispose of the questions presented by the demurrer, and the judgment of the district court is

AFFIRMED.