[No. 2112. Decided February 8, 1896.]

KATE I. BACON, *Appellant*, v. DENNIS O'KEEFE, *Administrator, et al., Respondents.*

13   655
22   378

MORTGAGES — FORECLOSURE — PARTIES — ASSIGNEE OF PRINCIPAL AND INTEREST NOTES.

Where a mortgagee, who has assigned the principal and coupon notes secured by the mortgage, with a guaranty of their payment, subsequently brings suit for foreclosure upon default in payment of some of the coupon notes, under a provision of the mortgage allowing foreclosure in case of default in payment of any part of principal or interest, the assignee of the notes is a party in interest and a necessary party to the action.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*Million & Houser*, for appellant.

*Moore & Pittman*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The essential allegations of the complaint so far as this case is concerned are to the effect that a certain principal note for the sum of three thousand dollars, bearing interest at the rate of seven per cent. per annum, was executed and delivered to the appellant by the respondent O'Keefe's intestate on the 1st day of March, 1892, payable five years after date, interest payable annually, and that said interest was represented by five coupon notes for the sum of two hundred and ten dollars each, which were attached to the principal note; that on the same date to secure said evidence of indebtedness, a certain real estate mortgage was executed; that thereafter, and before said coupons became due, appellant sold, assigned and transferred to one Grandin said principal note and all said coupons, and guaranteed the payment thereof; that the first two coupons are past due, that payment was refused, and that by virtue of said guaranty appellant was compelled to and did take up and pay said coupons; and the prayer is that judgment be given on said coupon notes and that the mortgage be foreclosed, etc.

The mortgage contains the following clause, to-wit:

"It is further agreed that if default be made, and continue for ten days in the payment of said bond or any of said coupons, or any part thereof, when due, . . . then said bond shall at the option of the owner become at once due and collectible, . . . and suit may be commenced at once in foreclosure of this indenture."

To this complaint the respondents interposed a de-

murrer to the effect that there was a defect of parties plaintiff, and that there was a defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff, resting upon her complaint, appeals to this court. There is only one question discussed by the appellant, and that is, that it was not necessary to sustain this foreclosure that all parties in interest should be made parties to the foreclosure suit; but she insists that each holder should be permitted to handle his holdings and resort to his security without hinder or delay from any one else. We have examined the cases cited by the appellant, but we think they do not sustain his contention, with the possible exception of the case of *Burnett v. Hoffman*, 40 Neb. 569 (58 N. W. 1134), where it was held that the mortgagee of real property, who has sold and guaranteed payment of the bond secured by the mortgage, and who afterwards on account of his guaranty has taken up some of the overdue coupons attached to, and evidencing the interest to be paid on, such bond, may avail himself as to such coupons, subject only to the rights of the holder of the notes guaranteed, of such remedies as before the sale had been available to the original mortgagee, and that the holder of the bond to which the coupons were originally attached was not a necessary party to the proceedings. This is a very meagre case, and no authority is cited to sustain it except prior Nebraska decisions. It seems, however, from the opinion in that case, that the mortgage provided that in case of failure to pay several sums secured thereby as they fell due, the mortgagee or its assigns might sell the property mortgaged for the satisfaction of the amount

due. Under this special provision of the mortgage itself, it may have been that the court was justified in making the ruling that it did, but no such provision appears in the mortgage under consideration: on the other hand, the provision is, that upon the failure to pay any portion of the contract debt the whole amount shall become due and at once collectible at the option of the holder.

It would seem, however, that our statute puts this question at rest, Section 143 of the Code of Procedure provides that—

"All persons interested in the cause of action, or necessary to the complete determination of the question involved, shall, unless otherwise provided by law, be joined as plaintiffs when their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff: *Provided*, That where good cause exists, which shall be made to appear in the complaint, why a party who should be a plaintiff cannot, from a want of consent on his part or otherwise, be made such plaintiff, he shall be made a defendant.

The object of this statute is to prevent a multiplicity of suits, and it is a worthy object, and there seems to be no good reason why its provisions should not be enforced.

If different holders of notes, coupon or otherwise, which were secured by one mortgage, were permitted independently to bring their actions and foreclose their mortgage and sell the mortgaged premises, one of two conditions must be brought about—either the party who first brings his action becomes preferred in case the mortgaged premises are not a sufficient security for all the notes, or the parties who are not served are not bound by the proceedings instituted and can bring their actions at will, thereby rendering un-

certain the title which passes under the foreclosure sales and absorbing the security in costs, and so imposing an unnecessary burden upon the mortgagor. But the authorities, as we have read them, are almost, if not entirely, uniform upon this proposition, even in the absence of statutes as express as ours. There are, it is true, certain exceptions to this general rule which grow out of the necessities of the case, but this case does not present any such exception. The rule is thus laid down in § 1378 of Jones on Mortgages:

"The holder of one of several notes secured by the same mortgage may proceed in the first instance to foreclose by suit in equity without suing at law; but all the other mortgagees or holders of notes secured by it must be brought before the court as defendants before a decree is made."

And Wiltsie on Mortgage Foreclosures, § 84, sums up the law as follows:

"As the general result it may be stated that an action *at law* may be maintained by the holder of any note as upon an ordinary promissory note. Or, the holder of any one of a number of the notes may proceed in the first instance by a suit in equity, as in an ordinary foreclosure; but he must bring all the other mortgagees and holders of notes secured by the mortgage into court, before a decree can be made."

And it is said by Daniell's Chancery Pleading and Practice, p. 192, that—

". . . where a party comes to a court of equity to seek for that relief which the principles there acted upon entitle him to receive, that he should bring before the court all such parties as are necessary to enable it to do complete justice, and that he should so far bind the rights of all persons interested in the subject as to render the performance of the decree which he seeks safe to the party called upon to perform it, by preventing his being sued or molested again respecting the same matter either at law or in equity."

It is plain that within the contemplation of our statute above referred to, Grandin, the owner of the mortgage, is a party in interest, that his rights cannot be adjudicated in the cause instituted by the appellant and that, under the authorities cited, which are fully sustained by judicial decisions, he was a proper and necessary party to this action.

The judgment will be affirmed.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.