[No. 3398. Decided April 18, 1900.]

CHARLES L. DENNY, *Respondent,* v. FLAVIUS S. COLE, *Appellant,* AND ERNEST W. PRICE, *Respondent.*

RECEIVERS—FORECLOSURE OF LIEN AGAINST INSOLVENT ESTATE—NECESSARY PARTIES.

A receiver appointed to take charge of the property of an insolvent partnership, in a suit brought for its dissolution, has such an interest in the assets of the partnership, legal and equitable, as to make him a necessary party in an action to foreclose a lien on any portion of the partnership property.

Appeal from Superior Court, King County. — Hon. FRANK T. REID, Judge. Reversed.

*Preston, Carr & Gilman* and *Piles, Donworth & Howe,* for appellant:

The authorities are uniform to the effect that in a foreclosure suit the owner of the equity of redemption is a necessary party. 2 Jones, Mortgages, § 1406; Wiltsie, Mortgage Foreclosures, § 127. And where a receiver has been appointed for the owner of the equity of redemption, or he has made an assignment in bankruptcy or insolvency, the receiver or assignee in bankruptcy or insolvency is also a necessary party to a foreclosure proceeding. *Winslow v. Clark,* 47 N. Y. 261; *Stafford v. Adair,* 57 Vt. 63.

*E. F. Blaine,* for respondent:

That a receiver *pendente lite* takes no title to property, but only the right of possession of property, is universally held. *Keeney v. Home Ins. Co.,* 71 N. Y. 396 (27 Am. Rep. 60); *Harland v. Bankers', etc., Tel. Co.,* 32 Fed. 305; *Smith Middlings Purifier Co. v. McGroarty,* 136 U. S. 237 (34 L. ed. 346); *Montgomery v. Merrill,* 18 Mich. 338; *Heffron v. Gage,* 36 N. E. 569. Moreover, a receiver is only entitled to the possession of such property as may be found in the possession of the party or parties to the action, or their servants and agents. The property which is in the possession of a third party who is not a party to the action cannot be reached by the receiver, except by an independent action. *Stuparich Mfg. Co. v. Superior Court,* 55 Pac. 985.

The appointment of a receiver in no way affects the right of a pledgee to make disposition of the pledge. The pledge can be sold or foreclosed. *Fidelity Ins. & T. Co. v. Roanoke Iron Co.,* 81 Fed. 449; *Jerome v. McCarter,* 94 U. S. 734 (24 L. ed. 136); *National Exchange Bank v. Benbrook School Furnishing Co.,* 27 S. W. 297.

Upon the point that the receiver is not necessary to the foreclosure suit counsel cite *Herring v. New York, etc., R. R. Co.,* 105 N. Y. 340; *Mechanics' National Bank v. Landauer,* 68 Wis. 44; *Davis v. Michelbacher,* 31 N. W. 160; *Griffith v. Burlingame,* 18 Wash. 432; *State ex rel. Hunt v. Superior Court,* 8 Wash. 210; *Cherry v. Western Washington, etc., Co.,* 11 Wash. 586.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, Flavius S. Cole, and the respondent, Ernest W. Price, were formerly partners, doing business under the firm name of Cole & Price. As such partners they were the owners of certain shares of

the capital stock of the Lumberman's Logging Company, a corporation. They became indebted to the Farmers' & Citizens' Bank of DeWitt, Iowa, and the First National Bank of DeWitt, Iowa, upon various obligations, aggregating, with interest, at the time of the commencement of the present action, the sum of $39,659.63. As security for this indebtedness, the firm of Cole & Price pledged with the above named banks the shares of stock held by them in the Lumberman's Logging Company. After the pledge had been made, Cole brought an action against Price for a dissolution of the partnership and for an accounting, praying in his complaint for the appointment of a receiver to take possession of the property and assets of the partnership pending the litigation. The court, after notice and hearing, found that the partnership, and each of the members thereof, were insolvent, and appointed a receiver "to immediately take possession of all the property and assets of said firm, real and personal, . . . to manage and control said property during the pendency of said suit, and to collect debts due said partnership, and for that purpose, or for the purpose of recovering and reducing to the possession of said firm any of said property, to bring actions in his own name or in the name of said firm, and to defend any and all actions, and to intervene, in his own name or in the name of said firm, in any and all actions in which the rights or interests of said firm or its creditors might be involved, with full power by law vested in such receivers, with such other powers and such other duties as the court might from time to time order." The receiver duly qualified, and was acting as such at the time of the commencement of the present action, but never reduced, or attempted to reduce, to possession the property pledged to the banks. The respondent, Charles L. Denny, is the assignee of the indebtedness of Cole & Price to the afore-

said banks, and brought this action for the purpose of obtaining a personal judgment against Cole & Price, and to foreclose the pledgee's lien upon the stock. At the time the action was commenced, he obtained an order from the court authorizing the action to be brought against the receiver, and made the receiver a party defendant along with Cole & Price; but shortly thereafter, upon application of the receiver, the order was vacated, and the receiver dismissed from the proceedings. Default was entered against the respondent Price. The appellant, Cole, answered the complaint, making certain denials, and pleading as an affirmative defense the appointment of the receiver, and the proceedings by which he was dismissed from the action, praying that the action be dismissed because there was a defect of parties defendant. Judgment for the amount due and of foreclosure of the lien was entered in favor of Denny, and Cole appeals. The question presented is, did the receiver have such an interest in the pledged stock as to make him a necessary party defendant in an action to foreclose the pledgee's lien?

It seems to have been the view of the court below, and the respondent urges in this court, that no title to partnership property passes to a receiver of such property appointed in a suit brought for a dissolution of the partnership, and that, for this reason, a receiver of partnership property is not a necessary party to a suit brought to foreclose a lien thereon. On the question of the receiver's title the authorities are not uniform, but there is respectable authority holding that he takes, by virtue of his appointment, both the legal and equitable title. In High on Receivers (3d ed.), § 539, the rule is laid down as follows:

"A receiver of the effects of a partnership, appointed in an action for the settlement of the firm business, is regarded as vested with the whole equitable title to the partnership property, without any assignment for that pur-

pose, and in an action to obtain possession of the property he represents the interests therein of all parties to the suit in which he was appointed. And it is held, that to enable him to properly discharge his trust, he may, *suo motu,* and without special leave of the court, bring an action to possess himself of the property to which he is officially entitled, incurring no risk thereby except as to costs, and, least of all, have the persons against whom he brings such action the right to object that he brings suit without leave of court. The appointment of a receiver upon the insolvency of the firm operates, in effect, as an assignment of the firm assets, with all securities incident thereto, for the benefit of firm creditors. But since a receiver's authority is conferred by law, and not like that of a voluntary assignee of the parties, a receiver of a partnership succeeds, not only to the legal title of the partners as joint tenants, but also to the equitable rights and remedies of the firm and of its beneficiaries."

So, in Beach on Receivers (Alderson's ed.), § 585, it is said:

"Upon the appointment of a receiver, the entire legal and equitable title to the tangible property of the firm, as well as to its rights and remedies, vest in him. And real property, held by the members of a firm as tenants in common, but used for partnership purposes and built on with partnership funds, will be treated as partnership property, and will pass to the receiver."

The rule is also supported by the following cases: *Ryan v. Kingsbery,* 88 Ga. 361 (14 S. E. 596); *Tillinghast v. Champlin,* 4 R. I. 173 (67 Am. Dec. 510); *Pearce v. Gamble,* 72 Ala. 341; *Winslow v. Wallace,* 116 Ind. 317 (17 N. E. 923); *Wallace v. Yeager,* 4 Phil. 251.

And in *Hardin v. Sweeney,* 14 Wash. 129 (44 Pac. 138), we held that a receiver of the property of an insolvent corporation was a *quasi* assignee of the property, and vested with sufficient title to maintain an action in his own name in relation thereto. By the Code (§ 5455, Ballin-

ger's) a receiver is defined as "a person appointed by a
court or judicial officer to take charge of property during
the pending of a civil action or proceeding, . . . to
manage and dispose of it as the court or officer may direct,"
and has power "to bring and defend actions" affecting
property connected with his trust (§ 5458). But if it be
held that a receiver of partnership property does not have
title thereto in the sense that the partnership had title
prior to his appointment, it is an inaccurate statement of
his relations to the property to say that he is merely its
custodian. As was said by the supreme court of Minne-
sota in *Henning v. Raymond,* 35 Minn. 303 (29 N. W.
132):

" When a court has taken property into its own charge
and custody, for the purpose of administration and dispo-
sition, in accordance with the rights of the parties to the
litigation, it is *in custodia legis.* The title of the property
for the time being, and for the purpose of such administra-
tion, may, in a sense, be said to be in the court. The pro-
ceedings by receivership is *quasi in rem,* so far as it in-
volves a sequestration of assets. The receiver is appointed
for the benefit of all concerned. He is the representative
of the court, and of all the parties interested in the litiga-
tion wherein he is appointed. He is the right arm of the
court in exercising the jurisdiction invoked in such cases
of administering the property."

And in that case it was held that the receiver had such
a special interest in the property as to make him the real
party in interest within the meaning of a statute which
provided that every action should be prosecuted in the
name of the real party in interest. In the case of *Kirk-
patrick v. McElroy,* 41 N. J. Eq. 539 (7 Atl. 647), it was
held that on the appointment of a receiver for the settle-
ment of a partnership, the surviving partner was super-
seded in the possession and control of the partnership
effects, and in the authority to settle up the partnership

affairs; that this right was vested exclusively in the receiver, and that he was a necessary party to any suit affecting the property of the partnership; citing *Kirkpatrick v. Corning*, 38 N. J. Eq. 234. While, as we have shown, our statute provides that a receiver has power to dispose of property held by him as receiver on the order of the court or officer appointing him, it is generally held, in the absence of a statute, that the court may order a sale of the property in the hands of the receiver whenever it deems a sale necessary or advisable in order to protect the rights and interests of all parties, and that a purchaser at such sale will take the legal title to the property purchased. It would seem to be hard to reconcile these principles with the doctrine that a receiver is only the custodian of the property involved in the receivership, and we think it must be held that he has such a special property therein as to make him the representative of the rights of the partners in all actions or proceedings affecting the property, and as such entitled to notice in all cases where the partners would have been entitled to notice had there been no receiver.

In the case at bar, notwithstanding the pledge of the stock in question by Cole & Price as security for their indebtedness, they still retained an interest therein; namely, their right to pay the debt and redeem the stock from the lien of the pledge. They could not have been barred of this right by a decree of foreclosure in which they were not made parties and served with process. The receiver, having succeeded to their rights in this respect, was also a necessary party to the foreclosure proceedings, and the failure to make him a party rendered the decree of foreclosure nugatory. Bal. Code, § 4833; *Bacon v. O'Keefe*, 13 Wash. 655 (43 Pac. 886).

The judgment of foreclosure is reversed and the cause remanded, without prejudice to the right of the respond-

ent, Denny, to renew his application for leave to sue the receiver.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.