[No. 3359.  Decided April 30, 1901.]

S. P. FLYNN, *Appellant,* v. JACOB FURTH, *as Receiver, Respondent.*

RECEIVERS — ACTION AGAINST TO ENFORCE LIABILITIES INCURRED BEFORE APPOINTMENT.

A contract liability of a partnership, incurred prior to the appointment of a receiver of the firm's business and property, cannot be enforced by action against the receiver alone.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Bausman, Kelleher & Emory,* for respondent.

PER CURIAM.—In December, 1893, and for some time prior thereto, Alfred Mosher, Sr., Alfred Mosher, Jr., and W. A. McDonald composed a partnership doing business under the firm name and style of Mosher & McDonald. The business of the firm was mainly confined to logging in the state of Washington, and was conducted upon a somewhat extensive scale.  The two Moshers resided at Bay City, in the state of Michigan; and McDonald,. the remaining member of the firm, resided in the state of Washington, and was charged with the immediate management and control of the details of the firm's business, —the principal business office of the firm being located in the city of Seattle, in said state.  The Moshers were men of reputed wealth; they were, at least, able to control large amounts of capital in connection with the logging business of the firm of Mosher & McDonald in the state of Washington, as well as in other extensive logging and lumbering operations of their own in the state of Michigan. Their investment in the business of the firm of Mosher

& McDonald amounted at that time to about half a million dollars. The Moshers, feeling that they had large investments in the state of Washington, and not being entirely satisfied with the development of the business, because of increased obligations of the firm of Mosher & McDonald, in the month of December, 1893, desired the appellant, S. P. Flynn, to accept the employment of said firm for purposes then agreed upon. Appellant was then a resident of the state of Michigan, a lawyer by profession, but had theretofore had experience in logging and lumbering operations, and was a man of general business qualifications. In view of these qualifications, the Moshers requested appellant to come to the state of Washington under the employment of the firm of Mosher & McDonald and make a general investigation of the business of said firm; and particularly did they desire him to negotiate with the holders of the firm obligations for extensions of time, and otherwise endeavor to enlarge the credit and improve the general condition of the firm's business. It was understood and agreed that appellant should continue in such employ for a period not exceeding six months, and meanwhile would determine if he desired to join said partnership as a member thereof. It was agreed that appellant should be paid by said firm a sum sufficient to pay his traveling expenses, and a reasonable compensation for his services in addition thereto; no definite amount being agreed upon for his services. In pursuance of such arrangement, appellant came to this state in the latter part of December, 1893, and immediately thereafter entered upon the duties of such employment. He continued in such employment until on or about the 24th day of April, 1894, when he returned to Bay City, Michigan, and there submitted a report of his doings and of the general condition of the business of Mosher & McDonald. All the

members of said firm were present at the time of the submission of said report, and it was then agreed between them and appellant that appellant should return to the state of Washington under a future employment, and should continue to discharge similar duties to those theretofore discharged by him for the firm. Appellant claims that he was to receive under such new arrangement compensation at the rate of $3,000 per year, as a fixed amount, together with the traveling expenses of himself and family, and in addition thereto one-fourth of the net profits of the business of the firm. This arrangement continued until January 1, 1895, when it was renewed and extended until January 1, 1896. During the period of the last named employment, to-wit, on the 9th day of October, 1895, the said McDonald commenced a suit in the superior court of King county, Washington, against his partners, Alfred Mosher, Sr., and Alfred Mosher, Jr., and, among other things, sought the appointment of a receiver of the business, property, and effects of the firm of Mosher & McDonald; and thereafter, on the 29th day of February, 1896, Jacob Furth, the respondent herein, was appointed such receiver, and has ever since been, and now is, the duly appointed and acting receiver of the property and effects of said firm. Thereafter the appellant herein instituted this action against the respondent as such receiver, and seeks to recover for balances which he claims are unpaid for his services rendered the firm of Mosher & McDonald under his several employments above mentioned. The third amended complaint consists of seven causes of action in which the grounds of recovery heretofore stated are recited, together with other grounds alleged, and the complaint concludes with a demand for judgment in the sum of $100,000. On motion of the receiver, the fourth cause of action was by the court strick-

en from the third amended complaint, and thereupon a demurrer was by him interposed to the remaining causes of action, on the ground (1) that there is a defect of parties defendant, in that the members of the firm of Mosher & McDonald are not made parties; and (2) that the several causes of action do not state facts sufficient to constitute causes of action against the respondent. The court overruled the demurrer to the first, second, and third causes of action, and sustained it as to the fifth, sixth, and seventh causes of action. The respondent's counsel duly excepted to the order overruling the demurrer as to the first, second, and third causes of action, and the appellant's counsel likewise excepted to the sustaining of same as to the other causes. That portion of the third amended complaint not stricken upon motion or ruled out upon demurrer covered the several contracts above stated. Thereupon the respondent answered and alleged, among other things, that appellant had been fully paid for his said services. A trial was had before a jury, and, after the evidence of both parties had been heard, the respondent's counsel challenged the legal sufficiency of the evidence, which challenge was by the court sustained. Thereupon the court discharged the jury and entered judgment for the respondent, dismissing the cause. From said judgment this appeal is prosecuted.

Many assignments of error are urged by appellant, chief of which is that the court erred in sustaining respondent's challenge to the evidence, and in taking the cause from the jury. We do not, however, deem it necessary to discuss the various assignments of error, for the reason that we believe an analysis of the one above mentioned must determine this case. We believe the court erred in overruling respondent's demurrer to the complaint. The claims sought to be established were based

upon contracts made between appellant and the firm of
Mosher & McDonald long before the appointment of re-
spondent as receiver of said firm. The receiver alone is
sued in this action; the members of the partnership are
not made parties. The suit is based upon an alleged
personal liability of said firm. The members of the firm
are certainly not bound by this proceeding. Neither is
this suit a bar to another action directly against the mem-
bers of the partnership. The receiver is the holder of
the property and effects of the partnership pending the
determination of the action in which he was appointed,
and subject to the direction of the court. But he is not
called upon to defend suits which can only be determined
when the partners who are primarily liable are brought
into court. Even if the receiver should be deemed a prop-
er party, the demurrer should have been sustained on the
ground of defect of parties defendant; for under no prin-
ciple do we conceive that the matters involved could be
finally determined without the joinder of the partners
upon whose liability, if any exists, a judgment must be
finally entered.

In an action to recover damages for a tort committed
by a corporation prior to the appointment of a receiver,
the receiver is not a proper party. *Northern Pacific R.
R. Co. v. Heflin,* 83 Fed. 93.

The opinion in the above case, on page 94, states:

"Even in respect to contracts entered into by the cor-
poration prior to the receivership, the rule seems to be
settled that receivers are not liable thereon unless they
adopt or ratify such contract."

A number of cases are cited in support of the above
statement.

"The circuit court below seems to have been of opinion
that, wherever a receiver is appointed over the property

of a debtor, the appointment instantly abates all personal actions pending against him, and vests all the rights of all his creditors in the receiver, who thereafter alone has authority to bring suits to enforce them, without regard to the character of those rights. A receiver is merely an officer of the court appointing him, to hold possession of property until the rights of the parties to the suit in which he is appointed can be determined. He represents neither of the parties to the suit, nor any one else, and has only such powers as the court may confer upon him. And in reference to the actions already begun, as in this case, the receiver has no status in court until he has made himself a party upon an application made by him." *Wiley v. New Orleans,* 87 Fed. 843, 848.

The same principle is generally discussed and sustained in the case of *Decker v. Gardner,* 124 N. Y. 334 (26 N. E. 814, 11 L. R. A. 480) :

"The complaint does not ask any judgment against the trust company, or show any reason for making it a party to the suit, beyond the mere statement that it has been appointed receiver of the Suffolk Bank. It may be that the rights and obligations flowing from this make it proper or necessary to sue the receiver with, or instead of the bank, but there must be some right to relief from the receiver stated, and some relief prayed. The mere fact that A. is the assignee or the receiver of B., whether these be natural or artificial persons, will not justify a creditor of B., in bringing A. as a party into every suit against B., or where the rights and the remedies of the plaintiff, so far as appears, end with B., and the assignee or receiver is not to be affected by the suit, nor to be adjudged or compelled to do anything for the relief of the plaintiff. I do not see that the plaintiff here shows any right to maintain this action against the trust company, or that he can be permitted to sue that company and put it to a defense, when no claim whatever is made against it. This is not an action affecting real estate, in which the trust company has an interest that is to be foreclosed. It is simply an action on a money demand, and no demand

is made, or cause of action shown, against the trust company. As to the company, the complaint should have been dismissed." *Arnold v. Suffolk Bank,* 27 Barb. 424, 426.

The above authorities go to the extent of holding that a receiver, under the circumstances of this case, is not a proper party. In *Denny v. Cole,* 22 Wash. 372 (61 Pac. 38, 79 Am. Rep. 940), a partnership had pledged certain shares of stock which belonged to the firm, and a receiver was afterwards appointed for the partnership; and it was held that in an action to foreclose the lien of the pledgee, the receiver was a necessary party, in connection with the partners themselves. The rule there announced is undoubtedly correct, where it is sought to enforce any kind of lien against specific property, either real or personal. The receiver has such an interest in all the property of the partnership as makes it necessary that he should in such a case be made a party by reason of his successorship to the equity of redemption, and to any surplus of purchase money realized at the lien sale. But even in that case, the partners are necessary co-parties with the receiver. Here it is sought to enforce a bare unliquidated claim arising out of a partnership contract before the appointment of a receiver, and we do not see that the receiver has any interest in it until the claim may have been first adjudicated as a liability of the partnership; and then his duty would be simply to see that a judgment thereon shares *pro rata* with other claims from the property of the partnership, when the claim has been properly presented to him. He should not be put to the trouble and expense of defending such an action unless he believes it to be to the interest of creditors that he shall do so, in which case we have no doubt that he might intervene under our statute. In *Denny v. Cole, supra,* (page 378), the court uses the following language:

"It would seem to be hard to reconcile these principles with the doctrine that a receiver is only the custodian of the property involved in the receivership, and we think it must be held that he has such a special property therein as to make him the representative of the rights of the partners in all actions or proceedings affecting the property, and as such entitled to notice in all cases where the partners would have been entitled to notice had there been no receiver."

The above statement, however, relates only to the class of cases then under consideration, viz., all cases "affecting the property," as in the case of liens and mortgages.

For these reasons, we think the demurrer to the complaint should have been sustained; and inasmuch as the action of the lower court in sustaining the challenge to the legal sufficiency of the evidence, and in entering judgment of dismissal, effected the same result as a judgment upon the demurrer, the judgment is affirmed.