WILLIAM C. BROWN ET AL., APPELLEES, V. HOTEL ASSOCIA-
TION OF OMAHA ET AL., APPELLANTS.

FILED DECEMBER 4, 1901.   No. 10,670.

Commissioner's opinion, Department No. 2.

1. Assignment of Pledge: ASSIGNEE. A pledger may assign his inter-
est in the thing pledged to a third person, and the assignee,
at least where the pledgee has notice of the assignment, suc-
ceeds to all the rights of the pledger in the property or against
the pledgee.

2. Certificates of Stock: PLEDGE BY DELIVERY: TRANSFER ON BOOKS:
POWER OF ATTORNEY. Where stock is pledged by delivery of
the certificates, without power of attorney authorizing a
transfer on the books of the company, the company can be
compelled to make such a transfer only by a purchaser who
has acquired title to the stock by a valid sale.

3. Foreclosure: NECESSARY PARTY. In foreclosure proceedings to
obtain judicial sale of pledged stock, a third person, to whom
the pledger has assigned all his interest with the knowledge
of the pledgee, is a necessary party, and a sale under decree
in a suit to which he is not a party passes no title.

APPEAL from the district court for Douglas county.
Heard below before SCOTT, J.   Reversed.

Wharton & Baird, for appellants.

Gains, Kelby & Storey, contra.

Argued orally by Wharton for appellants; by Kelby,
contra.

POUND, C.

Thomas Swobe, being the owner of 100 shares of stock
in the defendant corporation, pledged them to Henry D.
Brown, whose administrators are plaintiffs in this suit, by
delivering the certificate.   It is alleged in the petition
and there is a finding that the certificate was "indorsed
in blank."   But the answer contains a general denial, and
no mention is made of such indorsement in the stipulation
of facts entered into at the trial.   The certificate itself,
which is in evidence, discloses no indorsement; and no

power of attorney authorizing transfer to be made on the
books of the company appears either upon the certificate
itself, or from the stipulation of counsel.   We must con-
clude, therefore, that the "indorsement" referred to in the
finding of the court whatever it may have been, was not
of that character, and that no such power of attorney was
executed.    Some time after this pledge, Swobe trans-
ferred all his interest in the stock to the appellant, or to
defendant Markel, its president, by a written assignment.
He testifies, and it is not disputed, that soon afterwards
he paid a part of the indebtedness, and at that time ex-
plained to the pledgee that he had made such assign-
ment.    The remainder of the debt being unpaid, Brown
brought a foreclosure suit to which Swobe alone was made
a party; and under decree in that suit the shares were sold
at sheriff's sale to the plaintiffs, who, in consequence of
Brown's death pending suit, had been substituted therein.
After the sale, plaintiffs produced the original certificate
and demanded the issuance of a new one and the proper
transfer on the books of the company, and on refusal
brought this suit to compel the company to take such ac-
tion.    The latter and certain of its officers answered,
alleging that they were necessary parties to the foreclosure
suit by reason of the assignment of the pledger's interest
in the stock; that they were not made parties to the suit
and had no notice or knowledge of the sale,—and denying
plaintiffs' title to the stock, or right to have the transfer
on the company's books.    The court found the facts sub-
stantially as stated, except that there was no finding with
reference to the notice to Brown of Swobe's assignment of
his interest to Markel, and rendered a decree for plaintiffs,
from which the present appeal is taken.

   A preliminary question might arise as to the notice
which Brown had of the assignment of Swobe's interest,
for the reason that it is not pleaded.   But it seems to have
been taken for granted at the trial that there was such an
issue, and the defendants were permitted to and did prove
it without objection.   In consequence, we think, although

the court made no finding as to notice, so long as the undisputed evidence clearly establishes it, this court may properly supply such finding. Supplying this finding as to notice, it seems clear, upon the facts found by the lower court, that the cause must turn upon the question whether the defendants, or some of them, were necessary parties to the foreclosure proceedings, so that a sale thereunder without their knowledge or notice to them could convey a valid title. The court below seems to have assumed that Swobe could not convey his interest to Markel so long as the shares were pledged to Brown, and the latter, with Markel's knowledge, held the certificate. This position is erroneous. It is the shares, not the certificates, in which the property exists and which are transferred. A pledger may assign and transfer his interest in the thing pledged the same as any other interest which he may have, and the assignee, at least if the pledgee has notice of his claim, succeeds to all the rights in the property and against the pledgee possessed by the pledger. Jones, Pledges & Collateral Securities, secs. 364, 370. In this case there was no power of attorney to make the transfer on the books of the corporation. If there had been, the pledgee could undoubtedly have compelled the corporation to make the transfer. Colebrooke, Collateral Securities, sec. 272; 18 Am. & Eng. Ency. Law, 614. But in the absence of such power of attorney, no one other than the pledger could make or compel a transfer, on the books by the very terms of the certificate, unless there was a valid sale or foreclosure. In order to cast a duty upon the corporation, there must be either a power of attorney authorizing some one to act for the original shareholder, or else a valid sale which gives the person demanding transfer title to the stock. 2 Thompson, Corporations, sec. 2681; *Indiana & I. C. R. Co. v. McKernan*, 24 Ind., 62. The pledgee may pursue either of two courses: He may follow the common-law method of giving reasonable notice to redeem, followed by public sale, or he may proceed in equity by foreclosure suit and judicial sale. 2 Thompson, Corporations, sec. 2656. The proceeding in the

case at bar was of the latter type, and clearly can not be upheld as a common-law sale, because there was no notice to the party entitled to redeem. *Indiana & I. C. R. Co. v. McKernan, supra*. For the same reason, we think the foreclosure was ineffective. If the purpose of the proceeding had been merely to establish the amount due from Swobe to Brown, there would be force in plaintiff's contention that Markel's course, if he held the stock individually, was to intervene in this suit with a claim for redemption, or bring a separate suit for that purpose, or, if the stock belonged to defendant corporation, for the latter to put in a cross-petition offering to redeem. But the purpose of the suit was more than that. Its object was to cut out the outstanding right of redemption and title and pass a title to the purchaser at the sale, and it is only on the theory that such a title passed that this suit may be maintained. Hence, so long as all Swobe's rights had been transferred to and were in Markel or the company, and Brown knew it, we fail to see how the conclusion that Markel, or the company he represented, was a necessary party, can be avoided. "Any one who has the right to pay the debt and redeem is a necessary party to the foreclosure proceedings, and a decree in his absence is nugatory. *Denny v. Cole*, 22 Wash., 372, 61 Pac. Rep., 38. The pledge by mere delivery of the certificate, without power of attorney authorizing transfer, was undoubtedly valid as such, and created a lien. Jones, Pledges & Collateral Securities, sec. 168. But it conveyed no title. Title could only be passed by a valid common-law sale or a valid foreclosure, neither of which was had. The corporation can be compelled to make the transfer only by some one who has title, and the plaintiffs, having only a lien as pledgees, are not entitled to the relief awarded. They could require their interest to be noted on the company's books. But they have not asked that, nor has that right been denied them by the defendant.

We recommend that the decree be reversed and the suit dismissed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the suit is dismissed.

REVERSED AND DISMISSED.