STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. WESTERN STATE BANK, APPELLANT: DEPARTMENT OF TRADE AND COMMERCE, INTERVENER, APPELLEE.

FILED JULY 12, 1935. No. 29438.

*F. C. Radke* and *Clarence G. Miles,* for appellant.

*William H. Wright, Attorney General,* and *Edwin Vail, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

CARTER, J.

This is an appeal from the judgment of the district court for Saline county granting the department of trade and commerce of Nebraska, intervener, full payment of a claim for $1,321.90 from the assets of the insolvent Western State Bank of Western, Nebraska. The claim in question represents funds paid to certain creditors of the depositors' final settlement fund in May, 1930, who became creditors of the fund by reason of their being depositors in the Western State Bank at the time the bank closed. The receiver of the Western State Bank brings the case to this court for review.

At the special session of the legislature in 1930, an act was passed by which the legislature purported to transfer certain funds belonging to the depositors' guaranty fund to a new fund designated as the depositors' final settlement fund. Laws 1930, ch. 6, sec. 1, subds. (b) and (c). Under the law, as interpreted by the then secretary of the department of trade and commerce, the aggregate amount payable to the depositors of the Western State Bank amounted to $1,321.90, an amount equivalent to 2 per cent. of the total deposits of the bank. The secretary of the department of trade and commerce thereupon distributed said sum of $1,321.90 to the depositors of the Western State Bank by causing individual checks to be sent directly to each depositor. Subsequent to the distribution of the fund, it was determined by this court that the funds in question were bound by prior liens and were not transferred from the depositors' guaranty fund to the depositors' final settlement fund by virtue of the 1930 act of the legislature hereinbefore mentioned. *Bliss v. Bryan,* 123 Neb. 461. It appears, therefore, that the funds were wrongfully paid out by the secretary of the department of trade and commerce under an erroneous interpretation of the law and that the depositors of the Western State Bank received the sum of $1,321.90 from funds on which they had no claim and which in fact belonged to others. This claim was filed by the department of trade and commerce

to recover back from the receiver of the Western State Bank the sums so paid to the depositors of that bank under the mistake of law heretofore mentioned.

It will be noted that the receiver alone was made a party defendant. The depositors who actually received the funds in question are not parties to the litigation. The primary liability, if there be any liability at all, rests upon the parties wrongfully receiving the fund. The receiver of the bank is an officer of the court and not a general agent of the depositors in the sense that he may be called upon to defend against their personal obligations. In *Flynn v. Furth,* 25 Wash. 105, an action was brought against the receiver of a partnership to recover a liability against the individual partners. The receiver, being sued alone, demurred. The court said: "The receiver alone is sued in this action; the members of the partnership are not made parties. The suit is based upon an alleged personal liability of said firm. The members of the firm are certainly not bound by this proceeding. Neither is this suit a bar to another action directly against the members of the partnership. The receiver is the holder of the property and effects of the partnership pending the determination of the action in which he was appointed, and subject to the direction of the court. But he is not called upon to defend suits which can only be determined when the partners who are primarily liable are brought into court. Even if the receiver should be deemed a proper party, the demurrer should have been sustained on the ground of defect of parties defendant; for under no principle do we conceive that the matters involved could be finally determined without the joinder of the partners upon whose liability, if any exists, a judgment must be finally entered." We are convinced that a suit cannot be maintained by a third party against the receiver of an insolvent bank to collect obligations due him by the depositors of the bank. When we consider the fact that the depositors are not parties to the suit, the effect of the suit is to obtain a judgment against the individual depositors and a garnishment of any funds

belonging to them in the hands of the receiver without making them parties and without notice of any kind.

The fact that the payment by the receiver of the amount claimed to be due would operate equitably upon the bank's depositors and indirectly pay the alleged liability of each cannot change the rule. The funds in question never came into the hands of the receiver. They never augmented the assets of the insolvent bank. The suit at bar is just as foreign to the interests of the receiver as if the persons receiving the funds had not been depositors of the Western State Bank. There can be no theory of subrogation invoked because the persons to whose rights the intervener desires to be subrogated are not parties to the suit. The payment of the amount to the depositors of the bank being by mistake, the action of the department of trade and commerce, if any there be, must be directed against those receiving the funds. The payment of these funds by an independent agency in no way connected with the receivership could not lessen the claim of any depositor receiving it to his proportionate share in the assets in the bank.

The depositors who received the amounts constituting the fund may have a defense thereto. The judgment entered between the department of trade and commerce and the receiver of the Western State Bank would not be conclusive upon the depositors of the Western State Bank in a suit against the receiver thereof, or the sureties on his bond, to account for assets of the trust paid out in compliance with the judgment. There is no rule of equity that would require the receiver to assume the burdens of such a dilemma.

We conclude therefore that the trial court was in error in allowing the claim in question as a claim to be paid in full from the assets of the Western State Bank. For the reasons herein set out, the judgment of the trial court is reversed and the petition in intervention is dismissed.

REVERSED AND DISMISSED.